[No. 4452. Decided January 12, 1903.]

THE STATE OF WASHINGTON, *Respondent,* v. E. W. ROLLER, *Appellant.*

RAPE — SUFFICIENCY OF EVIDENCE — CORROBORATION.

In a prosecution for rape committed by a father upon his daughter, the evidence was sufficient to sustain a conviction, although the only evidence of the commission of the act was that of the daughter, which was contradicted by that of the father, where the daughter's testimony was corroborated by the fact of her father's flight when charged with his improper relations, and by a letter from him to his son, after arrest, endeavoring to get the latter to have the daughter not testify against him, so that he might get out of the scrape.

SAME — EXTRADITION — EVIDENCE — HARMLESS ERROR.

Permitting the officer who received the custody of an extradited prisoner to testify for what crime he was extradited was harmless error, where all the proceedings in extradition, except the warrant therefor issued by the president of the United States, had been put in evidence, since, in the absence of a contrary showing, it would be presumed that the proceedings were regular, and that the warrant of extradition was in accordance with the other proceedings which were shown of record.

SAME — ELEMENTS OF CRIME WHEN CHILD UNDER AGE OF CONSENT.

Under Bal. Code, § 7062, which defines carnal intercourse with any female child under the age of eighteen years as rape, the act is a crime whether or not force is used, and the fact that the prosecuting witness testified in the trial that the defendant used force, while the information charged that defendant did "feloniously carnally know and abuse" the prosecutrix, would not support the objection that the defendant was extradited for one crime and tried for another.

SAME — TRIAL UPON DIFFERENT CRIME — ABATEMENT.

Where the crime for which defendant is placed on trial is not the one for which he was extradited, objection should be raised by plea in abatement, presenting a question of law for the court upon the record.

WITNESSES — CROSS-EXAMINATION.

Where a witness has already testified that he told a falsehood prior to trial to the attorney engaged in cross-examining him, it

was not error for the court to restrict further cross-examination along the same line, especially where the questions call for conclusions which the jury have a right to draw from the whole demeanor and testimony of the witness.

SAME.

In a prosecution for rape by a father upon his daughter, where defendant's son had shown that he had taken an active part in the prosecution, it was not error to sustain an objection to a question asking the son what he had ever furnished to carry on the defense.

SAME.

The rejection of testimony would not constitute error, where the witness had already gone over the matter, or was subsequently permitted to answer substantially the same question in another form.

RAPE — CORROBORATION OF PROSECUTING WITNESS.

In the absence of statute requiring it, it is not necessary that the prosecuting witness be corroborated upon a prosecution for rape.

Appeal from Superior Court, Skagit County.—Hon. GEORGE A. JOINER, Judge. Affirmed.

*Henry McLean,* for appellant.

*M. P. Hurd,* Prosecuting Attorney, for the State.

The opinion of the court was delivered by

MOUNT, J.—Appellant was tried and convicted for the crime of rape, committed upon his own fifteen year old daughter. From a judgment of conviction and sentence, he appeals, alleging (1) that the evidence is not sufficient to sustain a conviction, (2) errors in the admission and rejection of certain evidence, and (3) errors in instructions given and refused. The evidence in brief was substantially as follows: The appellant and his family, consisting of a wife, two daughters, and a son, had lived in Skagit county on a farm for about fifteen years. Lulu Roller, the youngest child, was, at the time of the trial in February,

1902, sixteen years of age. She testified that her father, on June 25, 1899, when she was about fourteen years of age, and frequently thereafter, forcibly compelled her to have sexual intercourse with him. The wife of the appellant at that time was an invalid. On May 3, 1901, she died, after an illness extending over a period of about two years. Lulu Roller, during her mother's life time, did not tell any one of the relations existing between herself and her father. On the 19th of May, sixteen days after her mother's death, she told her married sister, Mrs. Campbell, of the conduct of her father towards her. These acts and all improper relations were stoutly denied by appellant. Mrs. Campbell, upon being told by Lulu of these relations, immediately told her husband, who in turn told Floyd Roller, appellant's son, who was then about twenty years of age. Floyd was not told the exact nature of the improper relations existing between his sister Lulu and his father, and he testified that at that time he did not know the exact nature of these relations; that on the next morning after this information had been received he armed himself with a revolver, and, in company with another boy about his own age, went to his father, who was then engaged in planting potatoes in the garden, and asked him what the trouble was between him and Lulu; that his father said there wasn't anything, and, if there was anything, she had been telling lies on him, and if she told anything on him he could tell something on her. Thereupon Floyd told his father that the officers were after him and that he had better leave the country. Thereafter the appellant secreted himself in the neighborhood, while the officers and others were searching for him, and, after a day or two, without seeing any of his children, left his home and went into British Columbia, where he was subsequently arrested and extradited. While

he was under arrest in British Columbia, he wrote his son
Floyd as follows:

"　　　　　　　　　　　　　　Vernon, B. C.

Dear Floyd:

They have me in jail.　If it comes to court have Lulu to
refuse to testify.　She can if she wants to.　She doesn't
have to go against her own father.　Please do and get me
out of this scrape.

Yours as ever."

While there are many things in the evidence which seem
unnatural and unreasonable, and while the incident of
flight may of itself be a very weak indication of guilt under
the explanation of the appellant that he was afraid of vio-
lence because of the excitement in the neighborhood, yet,
after a careful consideration of all the evidence, we are con-
vinced that there was sufficient to go to the jury; and, if
the prosecuting witness needed corroboration, sufficient was
found, in the letter above referred to, in the conduct of the
defendant when he was first informed of the charge his
daughter had made against him, and his subsequent con-
duct, to warrant the jury in returning a verdict of guilty.
Under the well-established rule, as laid down in *State v.
Kroenert,* 13 Wash. 644 (43 Pac. 876), *State v. Murphy,*
15 Wash. 98 (45 Pac. 729), and many subsequent cases,
this court will not disturb the verdict of the jury.

It is complained as error that the lower court permitted
the officer of Skagit county in this state, who received the
custody of appellant from the British Columbia author-
ities, to state for what crime the appellant was extradited.
No doubt the warrant itself was the best evidence of this
fact.　It clearly appears from the record that the arrest
of the appellant in British Columbia was made under a
warrant issued by the judge under the extradition act in
British Columbia, which warrant was introduced in evi-

dence. In fact, the record containing all the proceedings in extradition, except the warrant of extradition issued by the president of the United States, was offered by the state and received in evidence. This record clearly shows that the appellant was arrested in British Columbia, charged with the same crime for which he was afterwards tried and convicted in this action; that the warrant of arrest issued by the authorities of British Columbia charged the appellant with the offense, viz., "the crime of rape committed within the jurisdiction of the state of Washington." If it was error to permit the witness to state what the warrant under which he received the body of the appellant contains, it was harmless error, because, in the absence of a contrary showing, it will be presumed that the proceedings were regular, and that the warrant of extradition was in accordance with the other proceedings which are shown of record. This record of the extradition proceedings was not permitted to go to the jury, but was passed upon by the court for the purpose of determining whether the appellant was extradited upon the same charge for which he was placed on trial. We think this was proper.

It was argued by counsel for the defense that the crime for which the defendant was extradited was not the one for which he was being tried, because the prosecuting witness testified that her father had carnally known her by force, while the information charged that the appellant "did unlawfully and feloniously carnally know and abuse one Lulu Roller, then and there being a female child under the age of sixteen years, to-wit, the age of fifteen years." The statute, § 7062, Bal. Code, defines rape as follows:

"A person shall be deemed guilty of rape who,—(1) Shall, by force and against her will, ravish and carnally know any female of the age of eighteen years or more; (2) Shall, by deceit, deception, imposition or fraud, in-

duce a female to submit to sexual intercourse; (3) Shall
carnally know any female child under the age of eighteen
years."

When it was alleged and proved that the prosecutrix was
under the age of eighteen years, it was not necessary to
prove force.    Force is conclusively presumed, and the
proof of force in such a case does not take away or add to
the elements constituting the offense.    The fact that the
prosecuting witness testified that the appellant used force
does not change the character of the crime under the stat-
ute; it was still the same crime alleged in the information
and alleged in the record of extradition.    If the crime for
which the appellant was placed on trial was not the crime
for which he was extradited, this was proper to be raised by
the defendant in the nature of a plea in abatement and
must be shown by the record.    It was a question of law for
the court upon the record, with which the jury had noth-
ing to do.

While Floyd Roller, a witness for the prosecution, was
on the stand, he was asked on cross-examination the fol-
lowing questions:    "Do you mean to say you would tell
a lie on that occasion in order to mislead me on this trial?"
This question referred to a previous occasion, when the
witness had talked with the attorney for the defendant
concerning the case.    His answer was, "I might have."
"You are willing to swear to a lie now to mislead the jury,
are you not?"    To this question an objection was made,
but no ground stated, and the court sustained the objection.
Further on the witness was again asked with reference to
the same matter:    "You were perfectly willing at that
time to tell a falsehood to me in that matter?"    Answer:
"Certainly I was."    "I want to ask you if you consider
that you are at liberty every time your interests are at

stake to tell a falsehood?" The same kind of an objection was sustained to this question. The court must have some discretion in examinations of this character, and we do not think the court abused his discretion in this matter. The witness had answered the question for all practical purposes, and the questions to which objections were sustained called for a conclusion which the jury had a right to draw from the whole demeanor and testimony of the witness. The ruling was therefore not error.

The same witness was asked this question: "What, if anything, have you ever been furnishing to carry on this defense?" The objection to this was properly sustained. The witness had shown that he had taken an active part in the prosecution. It was unnecessary to show that he had contributed nothing to the defense. A similar question was also asked of the witness Mr. Postlewait, and was properly denied for the same reason. Mr. Postlewait was also asked: "Do you remember of hearing me ask Mr. Floyd Roller this question: If he claimed to own the flume, and then asked him by what right, and he replied that his father had forfeited his part, and that the whole thing belonged to him?" Objection was properly sustained to this question, because the witness had either before gone over the matter, or was subsequently permitted to answer substantially the same question in another form.

Counsel for appellant requested the court to instruct the jury as follows:

"The testimony of the prosecutrix alone is not sufficient upon which to base a conviction. It must be in some way corroborated. The wrong includes violence done to the prosecutrix, and if this could be shown by proof aside from her testimony, and such proof be not produced, the defendant should be acquitted."

This instruction was refused, and the court instead instructed the jury as follows:

"I instruct you further in cases of this kind, if you find from the evidence beyond all reasonable doubt, such as I will define to you, that the prosecutrix in this case, viz., Lulu Roller, was a female child under the age of eighteen years at the time mentioned in the information, and if you further believe beyond a reasonable doubt that the defendant had illicit sexual intercourse with such prosecutrix at the time mentioned in the information, and you further find that her credibility had in no manner been successfully impeached, and you believe her testimony and disbelieve the defendant, you will have a right to return a verdict of guilty against the defendant, even though there has been no corroborating testimony offered or given in this case in support of the testimony of the prosecutrix as to the particular acts constituting the offense of rape as heretofore defined. . . . You are instructed that a charge of the nature of that for which the defendant is on trial is particularly difficult for the state to prove or the defendant to clear himself of. No charge can be more easily made, and none is more difficult to prove or disprove. From the nature of the case, the complaining witness and the defendant are generally the only witnesses. You should be satisfied that a case is made out by the state as outlined in these instructions, beyond all reasonable doubt, before you find the defendant guilty, if you should find him guilty. And if you are not satisfied beyond a reasonable doubt, you should acquit the defendant."

In this state there is no statute requiring the prosecuting witness to be corroborated in cases of this character. The instructions given by the court clearly state the correct rule in this state. See McClain on Criminal Law, § 458, and authorities there cited.

A number of other instructions were requested by the defendant which were refused by the court. It is unnecessary to set these instructions out or discuss them in this

opinion. All that were not covered by instructions given were clearly improper, and the court correctly denied them. The instructions given were fair, clear, and concise, They fully stated all the rules of law applicable to the case, and counsel for appellant recognized this, because no exceptions were taken thereto other than the exception to the instruction above set out in relation to corroborating evidence.

There is no reversible error in the record, and the judgment is affirmed.

REAVIS, C. J., and FULLERTON, ANDERS and DUNBAR, JJ., concur.