[No. 4843.   Decided December 29, 1903.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM D. FETTERLY, *Appellant*.[1]

RAPE—PROSECUTRIX UNDER AGE OF CONSENT—EVIDENCE OF OTHER OFFENSES.  In a prosecution for rape where the prosecutrix is under the age of consent, testimony of carnal intercourse between the parties at times other than the one charged is admissible.

SAME—INFORMATION—FORCE.  Such rule is not changed by the charge of force in the information, as that is surplusage and does not change the nature of the proof required where the prosecutrix is under the age of consent.

SAME—AGE OF CONSENT—ALLEGING AGE—SUFFICIENCY.  Charging the offense of rape upon a prosecutrix "of the age of sixteen years" sufficiently alleges that she was under the age of consent, eighteen years, as against objection first made after verdict.

VENUE—SUFFICIENCY OF EVIDENCE—JUDICIAL NOTICE OF LOCATION OF CITY.  Proof that the offense of rape was committed in a house at a certain street and number in the city of Seattle is sufficient proof of the venue, as the courts take judicial notice that Seattle is in King county, Washington.

RAPE—PROOF OF MISCARRIAGE—COMPETENCY—CORROBORATION.  In prosecution for rape of one under the age of consent, proof that the prosecutrix suffered a miscarriage within the period of gestation is competent to show that the crime had been committed, and as corroborative of the evidence of the prosecutrix that the defendant was the guilty party.

[1]Reported in 74 Pac. 810.

SAME—CORROBORATION. The jury may convict for rape upon the uncorroborated testimony of the prosecutrix, when she testifies directly and positively to all the essential elements of the offense.

EVIDENCE—IMPEACHING—STENOGRAPHER'S TESTIMONY AS TO STATEMENTS AT FORMER TRIAL—WEIGHT. Where witnesses have denied making certain statements at a former trial, testimony of the stenographer that they made the statements ascribed to them is competent in rebuttal, and its weight is for the jury.

Appeal from a judgment of the superior court for King county, Griffin, J., entered March 13, 1903, upon a trial and conviction of the crime of rape. Affirmed.

*Solon T. Williams* (*R. H. Lindsay,* of counsel), for appellant.

*W. T. Scott* and *Elmer E. Todd,* for respondent.

FULLERTON, C. J.—The appellant, William D. Fetterly, was informed against for the crime of rape, alleged to have been committed upon the person of his stepdaughter, a female child of the age of sixteen years. He pleaded not guilty to the information, and a trial was had thereon, resulting in a verdict of guilty, on which he was adjudged guilty and sentenced to a term in the penitentiary.

The appellant first assigns that the court erred in allowing the prosecuting witness to testify to acts of carnal intercourse occurring between herself and the appellant at times other than the one charged in the information. In *State v. Wood, ante,* p. 290, 74 Pac. 380, we held that, in a prosecution for incest, it was permissible for the state to prove acts of incestuous intercourse between the defendant and the prosecuting witness occurring prior to the specific act charged in the information; this, not to prove a substantive offense upon which a conviction might be had, but on the same principle that evidence of the antecedent conduct and demeanor of the parties towards each

other is admissible, as tending to show the probability of the commission of the specific act charged, and as corroborative of the testimony of the prosecuting witness. In principle there is no distinction, in this respect, between a prosecution where the charge is incest and a prosecution where the charge is rape upon a female child under the age of consent. The same reason that renders the testimony admissible in the one case renders it admissible in the other, and such is the effect of the authorities. *State v. Wood, supra,* and cases cited. Also, *State v. Robinson,* 32 Ore. 43, 48 Pac. 357; *People v. Abbott,* 97 Mich. 484, 56 N. W. 862, 37 Am. St. 360; *People v. Castro,* 133 Cal. 11, 65 Pac. 13; *State v. Peres,* 27 Mont. 358, 71 Pac. 162.

The appellant argues, however, that the information in this case charges a rape by force, and against the will of the prosecutrix, and that the rule above announced has no application for that reason. The information, it is true, does so charge, but it is also true that it charges that the prosecutrix was of an age when she was incapable of giving consent; and in such a case the allegations of force and nonconsent are mere surplusage, except in so far, perhaps, as proof that the carnal act was committed by the means of the one, or without the other, might tend to aggravate the offense. But the mere carnal knowledge of a female child under the age of consent is rape, whether the act be committed with or without force, or with or without consent, and the nature of the crime, or the proof required or permitted to sustain it, is not changed by the fact that the information charges the unlawful act to have been committed by force. *State v. Hunter,* 18 Wash. 670, 52 Pac. 247; *State v. Horne,* 20 Ore. 485, 26 Pac. 665.

The objection in this connection that the information does not allege that the prosecutrix was under the age of consent is without merit. The age of consent in this state

is eighteen years. The information alleges that the prose-
cutrix was, at the time of the offense, "of the age of 16
years." This is good as against an objection made for the
first time after verdict. *People v. Gardner,* 98 Cal. 127,
32 Pac. 880; *State v. Newton,* 44 Iowa 47.

It is next claimed that the state failed to prove the venue
of the crime; but it was not necessary, in order to suf-
ficiently prove the venue, that some witness testify directly
that the crime was committed in the designated place. It
is enough if evidence incidentally given on the trial of the
cause shows that the venue is properly laid. Here, the
prosecuting witness testified that, at the time of the com-
mission of the acts constituting the offense, she was living
with the defendant and her mother "at 20th and Norman
streets . . . in the city of Seattle," and that the act
occurred at their house. This was sufficient proof of venue.
The court knows judicially that the city of Seattle is in
King county, state of Washington, and proof that the
crime complained of was committed in that city is proof
that it was committed within the jurisdiction of the court
before which the defendant was tried.

A physician was permitted, over the objection of the
appellant, to testify that the prosecutrix, subsequent to the
time of the alleged rape, but within the period of gesta-
tion, had suffered a miscarriage. This is claimed as error,
but we think the evidence competent. It was incumbent
upon the state to prove that the crime alleged in the infor-
mation had actually been committed, as well as the fact
that the appellant had committed the crime. Proof that
the prosecutrix gave birth to a child, or suffered a mis-
carriage, while within the age of consent, is proof that
she had been carnally known by some one while within that
age; and in this case this evidence was proof that the crime
charged had been committed. We think, also, it was cor-

roborative of the evidence of the prosecution to the effect
that the defendant was the guilty party. It conclusively
proves her testimony to the effect that the crime charged
was committed, and the truth of that lends credence to
her testimony to the effect that the person she names is the
guilty party. *State v. Robinson,* 32 Ore. 43, 48 Pac. 357;
*People v. Flaherty,* 27 N. Y. App. Div. 535, 50 N. Y.
Supp. 574.

It is complained that the evidence is insufficient to
justify the verdict, and in this connection the appellant
urges that the prosecutrix should be corroborated, and that
here there was no corroborative evidence. The prosecutrix
testified directly and positively to all of the essential ele-
ments necessary to constitute a complete offense, and, if
her testimony is to be believed, the appellant is guilty of
the crime charged. It may be that she was not corrobo-
rated in every particular, yet, notwithstanding this, the
truth or falsity of her statements was a question for the
jury. In this state there is no statute requiring that the
prosecutrix be corroborated. *State v. Roller,* 30 Wash.
692, 71 Pac. Rep. 718. When, therefore, the evidence of
the prosecutrix is, if true, sufficient to convict the defend-
ant, and the jury find it to be true, this court cannot, with-
out a usurpation of its authority, hold that the evidence is
insufficient to warrant a conviction.

Two witnesses for the appellant were asked on cross-
examination concerning their testimony given on a former
trial of the cause, and denied making certain statements
imputed to them by the questions asked. In rebuttal, the
prosecution called the stenographer who reported the testi-
mony given at the prior trial, and was permitted to show
by him, over the objection of the appellant, that the wit-
nesses had made the statements ascribed to them. This is
assigned as error, apparently on the theory that the stenog-

rapher was incompetent to testify.  But clearly such is not the rule.  The stenographer is as competent to testify as to what the witnesses stated as is any other person who heard, or heard and made notes of, the testimony given at the former trial.  The competency of his evidence being determined; its weight and sufficiency was, of course, for the jury.

Certain exceptions were taken to the instructions of the court, and to the refusal of the court to given certain others, requested by the appellant.  These exceptions, however, involve only the different theories of the law involved in the questions already discussed, and require no further or separate consideration.

The judgment is affirmed.

HADLEY, MOUNT, ANDERS, and DUNBAR, JJ., concur.