[No. 6587. Decided February 25, 1907.]

THE STATE OF WASHINGTON, *Respondent,* v. FREDERICK W. CONLIN, *Appellant.*[1]

RAPE—EVIDENCE—CORROBORATION. In a prosecution for rape, the positive evidence of the prosecuting witness as to all the essential elements of the offense is sufficient to sustain a conviction without any corroboration.

SAME—WEIGHT. In a prosecution for rape of the defendant's own daughter, under eighteen years of age, evidence that defendant knew of her pregnancy and made no inquiry, and suspicious action on his part at the time of the investigation by officers and of his arrest, is corroborative of the positive evidence of the prosecuting witness, and supports a verdict of guilty.

SAME—PROOF OF OTHER ACTS. In a prosecution for rape upon a child under the age of consent, evidence of other acts of intercourse prior to the offense charged is admissible as tending to show the probability of the specific act charged.

Appeal from a judgment of the superior court for Whatcom county, Neterer, J., entered October 5, 1906, upon a trial and conviction of the crime of rape. Affirmed.

*D. W. Featherkile,* for appellant.

*Virgil Peringer* and *George Livesey,* for respondent.

[1]Reported in 88 Pac. 932.

HADLEY, C. J.—The defendant was charged with the crime of rape, committed upon the person of his own daughter, a child under the age of eighteen years. A plea of not guilty was interposed. The cause was tried before a jury, and a verdict of guilty was returned. The court entered judgment that the defendant shall serve a term of twenty-one years' imprisonment in the state penitentiary, and from the judgment he has appealed.

It is assigned that the court erred in denying appellant's motion for judgment notwithstanding the verdict: This assignment involves the sufficiency of the evidence. It is argued that the story of the prosecuting witness is improbable and uncorroborated. Her testimony was, however, direct and positive as to all the essential elements of the offense charged, and if true it is sufficient to convict the appellant. In such a case "this court cannot, without a usurpation of authority, hold that the evidence is insufficient to warrant a conviction." *State v. Fetterly*, 33 Wash. 599, 74 Pac. 810. Within the rule stated in the above case, and also in *State v. Roller*, 30 Wash. 692, 71 Pac. 718, it is not necessary that there shall be actual corroboration of the prosecutrix in such cases, since there is no statute requiring it. While it is true that certain corroborating circumstances were found in each of those cases, yet the actual rule there declared by the court is such that the uncorroborated testimony of the prosecutrix is sufficient if the jury find it to be true. Of its truth the jurors shall be the judges, and they shall apply the usual, necessary and proper tests to determine whether it is true or false.

If, however, in the minds of the jury, the prosecutrix's testimony in this case needed to be strengthened by corroborating facts and circumstances, we think there were such shown. Appellant admits that he knew that his daughter was pregnant, and that the knowledge thereof came to him two or three weeks prior to his arrest. He says he spoke to her once about it, but she began to cry and he said nothing more to her about it. He went about his affairs and made no

further effort to ascertain from her who was the guilty party. This course of conduct was at least an unusual one for the father of a young daughter who had been so wronged. On the day of his arrest he met his daughter in company with an officer, as they walked along the sidewalk in the city of Bellingham. He knew her physical condition, but as he passed her upon the same sidewalk he did not inquire as to the cause of her presence with the officer. He merely glanced at her and passed on, saying nothing. After passing them, he met another officer who stopped him and told him that they were taking his daughter to the office of the prosecuting attorney to try and ascertain who had been the cause of her condition. He replied that he did not know of her condition until about two weeks before, when his son told him. After some conversation he went with this officer to the prosecuting attorney's office. When he was notified that he would have to remain in the custody of the officers, the testimony shows that he did not ask the cause of his detention, but turned very pale and said nothing. The above circumstances may well have been considered by the jury as inconsistent with the theory of innocence on the part of a father, and as being corroborative of the positive testimony of the daughter. The motion for judgment notwithstanding the verdict was properly denied.

It is assigned that the court erred in giving the following instruction:

"But I should further instruct you that the evidence or testimony of prior acts, but designated as prior acts, and if you believe the evidence of the prosecuting witness as to prior acts of intercourse, prior to the one charged, on which he is tried, that would be a circumstance to be taken into consideration by the jury as to the probability of the acts charged having taken place."

The above-quoted words were the concluding words of an instruction, and were preceded by the following:

"You are instructed that the offense charged is alleged to have taken place on the 3rd of July, 1906. It is not

necessary that it be proven to have been at the exact date; if you are convinced beyond a reasonable doubt that the act did take place within three years it would be sufficient. The state in this case has elected to stand on the offense charged to have taken place on the 3rd of July. Evidence has been presented of other acts of intercourse; the defendant is not on trial for those other acts; and if you should believe from the testimony that there were other acts of intercourse prior to the 3rd of July, and other than that act, and have a reasonable doubt as to whether the act testified to as having taken place on the 3rd of July, then you would return a verdict of not guilty in this case."

The whole instruction when considered together was not erroneous. In *State v. Fetterly, supra,* we held that such other acts may be considered, not as proof of a substantive offense for which a conviction may be had, but as tending to show the probability of the commission of the specific act charged, and as corroborative of the testimony of the prosecutrix concerning the specific act.

We do not find any ground for reversal disclosed by the record, and the judgment is affirmed.

RUDKIN, FULLERTON, MOUNT, CROW, and DUNBAR, JJ., concur.