[No. 7927. Department Two. August 2, 1909.]

THE STATE OF WASHINGTON, *Respondent,* v.
KNUTE B. AKER, *Appellant.*[1]

CRIMINAL LAW—TRIAL—VERDICTS—IMPEACHMENT. A verdict in a criminal case cannot be impeached by the affidavit of a juror showing the effect upon his mind of comment by the judge, but the impropriety of comment must be determined from the context alone.

SAME—MISCONDUCT OF JUDGE. A remark by the trial judge indicating that cross-examination had proceeded far enough, is not objectionable as indicating the judge's opinion as to the guilt of the accused, nor as comment on the evidence.

SAME—MISCONDUCT OF JUROR—NEW TRIAL. It is not misconduct warranting a new trial that a juror expressed his opinion in the jury room as to the guilt of accused before the case was submitted, where it is not claimed that the opinion was based on facts outside the evidence.

SAME—TRIAL—VERDICT—IMPEACHMENT. A verdict cannot be impeached by the affidavits of a juror that he was coerced to agree to the verdict by threats that he would be denounced to the court and, as he believed, subjected to penalties.

SAME—TRIAL—MISCONDUCT OF BAILIFF. It is not misconduct on the part of a bailiff having the jury in charge, warranting a new trial, that he opened the door during the deliberation of the jury

[1] Reported in 103 Pac. 420.

and stood temporarily in the doorway and spoke to the jurors, when nothing is shown as to what he said, this having occurred in the presence of one of the attorneys for the accused.

INCEST—EVIDENCE—CORROBORATION—NECESSITY.  A conviction of incest may be had without corroboration of the testimony of the prosecuting witness, in the absence of any statutory requirement therefor.

CRIMINAL LAW — TRIAL — INSTRUCTIONS — LESSER OFFENSES—AT-TEMPTS—INCEST AND ASSAULT.  In a prosecution for incest it is proper to refuse to instruct that the jury may find the accused guilty of an attempt to commit the crime, or of assault and battery, where any attempt made culminated in the completed offense, and there was no charge of assault and battery, although there was evidence that the offense was committed with some force; since consent is not an element of the offense.

Appeal from a judgment of the superior court for Whatcom county, Kellogg, J., entered August 17, 1908, upon a trial and conviction of incest.  Affirmed.

*Bugge & Swartz*, for appellant.

*George Livesey* and *J. W. Kindall* (*Virgil Peringer*, of counsel), for respondent.

PARKER, J.—The defendant and appellant was charged with the crime of incest, by information of the prosecuting attorney of Whatcom county, and upon a trial before the court and a jury, was found guilty, upon which judgment was rendered sentencing him to imprisonment in the state penitentiary, from which he appeals to this court.  We will notice the facts so far as necessary in connection with our discussion of the several assigned errors.

During the progress of the trial, while the prosecuting witness was being cross-examined, and after she had been compelled to describe in detail the acts of the defendant constituting the crime, one of the jurors asked the court: "Is it necessary to go through these details, your Honor?" to which the court replied, "The court is powerless to rule on testimony that is not objected to, gentlemen.  The object of

this trial is for the court and jury to listen to the testimony; the court has no discretion. Proceed with the examination." Thereupon counsel for defendant asked a question of the witness which called for repetition of matters she had already testified to, when the prosecuting attorney objected to further cross-examination along that line, which objection the court sustained, allowing an exception to the defendant. Upon the opening of court the following morning, the jury not being present, counsel for the defendant objected to these remarks of the juror and the court, and objected to further proceeding with the trial with the present jury, which objection the court overruled, allowing an exception. Upon the hearing of a motion for a new trial, for the purpose of showing the prejudicial effect of the question of the juror, and the remarks of the court in reply thereto, the affidavit of a juror was read wherein he stated that he had heard the remarks of the juror and of the court in reply thereto, and that "The manner in which the court replied to the question so impressed the mind of this affiant of the guilt of the defendant that it became a fixed opinion which he found impossible to disregard which remained in affiant's mind throughout the trial and until the rendition of the verdict in said cause."

It is contended that these remarks of the court were such as to convey to the minds of the jury the fact that the court was prejudiced against the defendant; and that he was entitled to a new trial on that account. This contention we think must be determined by the remarks of the juror and the court alone, uninfluenced by the statement of the other juror in his affidavit as to the effect upon him in arriving at the verdict, for the latter inheres in the verdict, and cannot be shown by the affidavit of a juror. As was said by this court in *Marvin v. Yates*, 26 Wash. 50, 66 Pac. 131,

"It is not for a juror to say what effect certain conduct may have had upon the verdict, because of the well known principle that he cannot be heard to impeach the verdict; but

the court must determine from the facts stated what effect, if
any, the alleged misconduct had upon the verdict."

See, also, *State v. Parker*, 25 Wash. 405, 65 Pac. 776; *Ralton
v. Sherwood Logging Co., ante* p. 254, 103 Pac. 28.

We are unable to see anything in the remarks of the judge
in reply to the juror's question which indicates his view upon
the question of the defendant's guilt or innocence. or upon
any fact in issue in the case.   The fact that the judge's re-
marks may have indicated to the minds of the jury that he
considered that the cross-examination had proceeded far
enough along that line, and the fact that such remarks may
have suggested to the prosecuting attorney that he object
to such further cross-examination, as is argued by defend-
ant's attorney, is no indication of the judge's view upon the
facts in issue, nor that he was prejudiced for or against the
defendant.   We do not think that these remarks of the court
amounted to a comment upon the facts, nor was error com-
mitted in sustaining the objection of the prosecuting attorney
in view of the extent to which the cross-examination by de-
fendant's attorney had been allowed to proceed.

Upon hearing of the motion for new trial, counsel for de-
fendant sought to show by the affidavit of a juror that, at a
recess during the progress of the trial while the prosecuting
witness was giving her testimony, the jury was taken to the
jury room, and while there a juror expressed in a positive
manner his opinion that the defendant was guilty, and other
jurors acquiesced in the statement and expressed themselves
in substance to the same effect.   It is contended that this was
such misconduct on the part of the juror as entitled the ac-
cused to a new trial.   It is not claimed that the expression
of opinion was based upon any fact outside the testimony
which had been given upon the trial, or that the juror stated
any facts relating to the accused, or that the expressions of
opinion were made within the hearing of any person other
than the jurors themselves.   We think this is not such mis-
conduct as can be shown by the affidavit of a juror.   It is

clearly distinguishable from the case of *State v. Parker*, *supra*, cited by appellant's attorneys, where the juror stated to his fellow jurors facts within his personal knowledge clearly outside the evidence.

Upon the hearing of the motion for a new trial, coercion in arriving at the verdict was sought to be shown by the affidavit of a juror, wherein the juror stated:

"That prior to said term of court, the affiant informed the prosecuting attorney of said county that the defendant had for a long time done business with affiant at his store, and that before the said term of court affiant and the defendant had casually talked about said case; that affiant was surprised when the county attorney permitted him to remain as one of the jurors to try said cause; that during the course of said trial, in the jury room, other jurors learned from the affiant that he had talked with the defendant about the charge on which he was being tried; that after said cause was submitted to said jury and the jurors had retired to deliberate upon their verdict, the affiant voted on two ballots in favor of acquittal; that thereupon other jurors upon learning that affiant was casting his vote in favor of acquittal, threatened the affiant that unless he ceased to do so, and joined with the other jurors in finding a verdict of guilty as charged, they would denounce him to the court for having consented to serve upon said jury after talking with the defendant about the charge brought against him; that the affiant not being versed in the law and thinking that possibly he had done something he should not have done, and made himself liable to penalties, thereupon voted with the other jurors on the next succeeding ballot."

We think this also relates to facts which cannot be shown by the affidavit of a juror. It is a matter inhering in the verdict, and to receive such statements from a juror is clearly to allow him to impeach his own verdict. 29 Cyc. 984; Thompson, Trials, § 2618.

It was claimed that there was misconduct on the part of the bailiff having the jury in charge during their deliberation such as to entitle the accused to a new trial. The alleged mis-

conduct was shown by the affidavit of one of the attorneys for the accused, and is as follows:

"Hans Bugge, being first duly sworn, deposes and says: That he is one of the attorneys for the defendant herein; that on the trial of said cause, in the evening after the jury had been sent out to deliberate on their verdict, and while the court was not on the bench, but had retired to his chambers, the bailiff having said jury in charge, without any authority from the court or consent of defendant's counsel, and without the direction of the court or counsel, and without being called by said jury, then and there deliberating as aforesaid, went to the jury room and unlocked and opened the door leading into said jury room and placed his person within the jury room so that only one of said bailiff's legs remained without the door; that affiant heard him speak to the jurors within; that he then withdrew with a pack of playing cards in his hands; that after locking the door to the said jury room and advancing a few steps away therefrom, he returned, reopened the door and placed his body within the jury room as on the previous occasion for a brief moment, then withdrew as before, locking the door and brought said playing cards into the main court room where affiant and others were assembled, and further affiant saith not."

It is not claimed that the bailiff said anything to the jurors relating to the case. The affidavit is silent as to what the bailiff said to the jurors, and is also silent as to whether or not the affiant understood what the bailiff said to the jurors. We are not inclined to sanction any practice which permits the invasion of the privacy of the jury room during deliberation. But we cannot presume that a sworn officer of the court whose duty it is to have charge of the jury has been guilty of misconduct when such alleged misconduct occurred in the presence of the person making affidavit relative thereto, and no more is shown as to such conduct than is stated in this affidavit. We cannot presume that the bailiff stated anything to the jury in connection with the cause when affiant states that he heard him speak to the jury, but does not state what he said or as to whether or not affiant knew what he said.

We do not think that the mere temporary presence of the bailiff in the jury room door under the circumstances here shown is such misconduct as warrants us in holding that the trial court committed error in refusing a new trial on that account. 29 Cyc. 808.

Upon exception to certain instructions given by the court and its refusal to give others requested by defendant's counsel, there is presented the question of the necessity for corroboration of the complaining witness in order to sustain the verdict of the jury finding the defendant guilty. We need not set out at length here the instructions given or the requested instructions refused, since the argument of counsel is addressed only to the question of necessity for corroboration. Assuming, for the sake of argument, that in this cause the testimony of the prosecuting witness as to the acts of the defendant constituting the offense charged was not corroborated, still we think, in the absence of any statutory rule upon the subject, it was not necessary there should be corroborating evidence, under the previous holding of this court. Prior to the act of 1907 (Laws 1907, p. 396), providing that conviction shall not be had for the offense of rape upon the testimony of the injured party unless corroborated, this court had repeatedly held that it was not necessary that there should be corroboration in such cases. *State v. Roller*, 30 Wash. 692, 71 Pac. 718; *State v. Fetterly*, 33 Wash. 599, 74 Pac. 810; *State v. Patchen*, 37 Wash. 24, 79 Pac. 479; *State v. Conlin*, 45 Wash. 478, 88 Pac. 932.

We have no statutory rule as to the necessity for corroboration in order to support a conviction for the offense here charged, and the weight of authority seems to be, in the absence of statutes, that such corroboration is not necessary. 22 Cyc. 57; *Brown v. State*, 42 Fla. 184, 27 South. 869; *State v. De Hart*, 109 La. 570, 33 South. 605; *People v. Jenness*, 5 Mich. 305; *State v. Dana*, 59 Vt. 614, 10 Atl. 727; *Porath v. State*, 90 Wis. 527, 63 N. W. 1061, 48 Am. St. 954; *Whittaker v. Commonwealth*, 95 Ky. 632, 27 S. W. 83.

We are not able to see any reason for adopting a different rule, in the absence of statute, from that heretofore followed by this court. The testimony of the prosecuting witness was positive and specific as to the acts of the defendant, and the court instructed the jury relative to her testimony, among other things, that if they should

" . . .  find that her credibility has in no manner been successfully impeached, and you believe her testimony, and disbelieve the testimony of the defendant, you have a right to return a verdict of guilty against the defendant even though there has been no corroborative testimony in this case in support of the prosecuting witness as to the particular acts constituting the crime."

This instruction is in almost the exact language as that given and approved in *State v. Roller, supra.* We think the court was not in error in giving these instructions and refusing the requested instructions which were to the effect that corroboration was necessary in order to sustain a conviction. We find no error in other instructions given by the court nor in the refusal of the court to give other requested instructions. The substance of the requested instructions were given by the court, though in different language in so far as was necessary to the protection of the rights of the accused.

At the close of the court's instructions, and before the jury retired, counsel for the accused requested the court to submit to the jury forms of verdicts covering attempt and also assault and battery to the end that the jury might be permitted to return either of such verdicts. This the court declined to do, and error is assigned. We think the action of the court in this regard was clearly right. There is no evidence whatever in the record which would warrant a finding by the jury of any verdict other than guilty or not guilty. Whatever attempt there was on the part of the defendant culminated in the completed crime, neither is there any charge of assault and battery nor of any crime including assault and battery in the information. The fact that the evidence showed that

the offense was committed with some degree of force, and against the will of the prosecuting witness, if committed at all, does not change the charge so as to warrant a finding as to assault or assault and battery. The guilt or innocence of the accused of the crime here charged, is in no way affected by the consent of the prosecuting witness, or by the means used by the accused in the commission of the offense. *State v. Nugent*, 20 Wash. 522, 56 Pac. 25, 72 Am. St. 133.

Numerous errors are assigned upon the court's rulings incident to the examination of witnesses. We have carefully examined all of the rulings of the court in this regard which are claimed to be erroneous, and find no error therein. They, for the most part, involve only questions of judicial discretion incident to the conduct of the trial, and are not such that we feel called upon to review them here.

Finally, counsel for the accused contend that the evidence was insufficient to justify the verdict of guilty as returned by the jury. Upon this question they argue strenuously and at great length, reviewing the evidence in considerable detail. We do not feel that any useful purpose would be served for us to review and analyze the five hundred and more pages of evidence in this record with a view to justifying our conclusions against the learned counsels' contention. It is enough to say that we have read carefully all of this evidence and are convinced that it is sufficient to sustain the verdict and judgment. As we have said the testimony of the prosecuting witness was positive and specific as to acts of the defendant constituting the offense, and there were also some corroborating circumstances shown, though we have held corroboration was not indispensable to conviction.

We find no reversible error in the record, and are therefore compelled to affirm the judgment. It is so ordered.

RUDKIN, C. J., DUNBAR, CROW, and MOUNT, JJ., concur.