[No. 12511.    Department Two.    September 29, 1915.]

# THE STATE OF WASHINGTON, *Respondent*, v. W. C. MORDEN, *Appellant*.[1]

RAPE—CORROBORATION OF PROSECUTRIX — NECESSITY — STATUTES— REPEAL.    Corroboration of the prosecutrix in a trial for rape not being necessary at common law to sustain a conviction, it is not necessary in this state, since the repeal of Rem. & Bal. Code, § 2443, by Laws of 1913, p. 298, restoring the law to its former status.

RAPE—EVIDENCE—TIME AND PLACE—ADMISSIBILITY.    In a prosecution for rape alleged to have been committed on defendant's premises on a certain day on which the prosecutrix was working for the defendant, a statement of account for the balance due her, showing that the prosecutrix had charged defendant for work on that day, and· that he had paid for the same, is competent upon the issue raised by the defendant's claim that the prosecutrix was not working for him or upon the premises on the day in question.

CRIMINAL LAW—EVIDENCE—BEST AND SECONDARY—DOCUMENTS— NOTICE TO PRODUCE.    Where a written statement of account material to an issue in a criminal case is in the possession of the accused, the state may introduce secondary evidence of its contents without first demanding of the accused that he produce the original; since an accused cannot be compelled to furnish evidence against himself.

WITNESSES—PRIVILEGE OF ACCUSED—FURNISHING EVIDENCE AGAINST SELF.    The state and Federal constitutions guaranteeing that no person shall be compelled in a criminal case to give evidence against himself are not impinged by a question on cross-examination of the accused, asking if he had in his possession a certain statement of account material to an issue, and upon his replying that he did not know whether he or his attorney had it, the attorney answered that he did not; since no demand upon the accused to produce the statement was made or implied.

[1]Reported in 151 Pac. 832.

WITNESSES—CROSS-EXAMINATION OF ACCUSED—RAPE. Where, in a prosecution for rape, the defendant testified that he had never made such statements as the prosecutrix had attributed to him, either to her "or to any one else," he is subject to all the rules of law relating to cross-examination, and may be asked if he had not made similar statements to other young girls.

RAPE—TRIAL — INSTRUCTIONS — ISSUES — TIME OF OFFENSE — MA- TERIALITY—ALIBI. Where, in a prosecution for rape, the prosecuting witness in her testimony definitely fixed the exact date of the of- fense on a day when she was working for the defendant on his prem- ises, and the defense undertook to establish an alibi for the prose- cutrix by showing that she was not working for the defendant or upon his premises on that day, the date charged becomes material, and it is reversible error to instruct the jury that the date charged is not one of the material allegations of the information, and that it is enough for the state to prove any other day on or about that date, within three years previous to the filing of the information.

CRIMINAL LAW—TRIAL—MISCONDUCT OF JURY—SEPARATION. Un- der Rem. & Bal. Code, § 2159, providing that juries in criminal cases shall not be allowed to separate except by consent of the defendant, there is a mistrial, where, consent having been given that the jury visit a theater or church on Sunday, eleven of the jurors entered a theater with one of the bailiffs while the twelfth juror, on account of conscientious scruples, remained outside within the portico or porch of the building with the other bailiff, for the space of more than one hour; and prejudice must be presumed from the violation of the express prohibition of the statute.

Appeal from a judgment of the superior court for Pacific county, Edward H. Wright, J., entered May 1, 1914, upon a trial and conviction of rape. Reversed.

*Lockerby & Couden* and *J. J. Brumbach*, for appellant.

*John I. O'Phelan, M. M. Richardson, H. W. B. Hewen,* and *G. Dolph Barnett*, for respondent.

ELLIS, J.—The defendant was prosecuted for the crime of statutory rape, under an information the charging part of which is as follows:

"That the said W. C. Morden, in the county of Pacific, state of Washington, on or about the 30th day of Septem- ber, 1913, did then and there being, unlawfully and felonious- ly assault and carnally know one Ruth Ford, an unmarried

female child under the age of eighteen years: to-wit, of the age of fifteen years, of previously chaste character, and not the wife of the said W. C. Morden, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Washington."

We shall not attempt even an epitome of the evidence, which was voluminous. We shall merely refer to it so far as necessary in the course of our discussion of the several claims of error assigned. The jury returned a verdict finding the defendant guilty of the crime as charged in the information. The defendant moved for a directed verdict of not guilty at the close of the state's evidence, and renewed the motion at the close of all the evidence. Both of these motions were overruled. After the return of the verdict, the defendant moved for a new trial, which was denied. From a judgment of conviction and sentence, he has appealed.

The many assignments of error are presented in the briefs under a number of heads, which we shall discuss in what seems to us their logical sequence.

I. It is first contended that one or the other of the motions for a directed verdict should have been granted, for the reason that there was not sufficient corroboration of the testimony of the prosecuting witness as to the commission of the crime. In this connection it may be noted that the appellant requested an instruction to the effect that where, in such a case, the defendant denies the crime, the jury should not convict on the testimony of the prosecuting witness alone unless it is corroborated in some particulars at least by other evidence. It is admitted that, since the passage of the act of 1913, Laws of 1913, ch. 100, page 298, repealing Rem. & Bal. Code, § 2443 (P. C. 135 § 381), which repealing act was passed prior to the time of the commission of the offense, as charged in the information, there has been no statute in this state requiring corroboration in such cases. It is urged, however, that, under the common law, the uncorroborated testimony of the prosecuting witness is insufficient

to warrant a conviction in cases where her statements are denied by the defendant and where such denial is itself supported by corroborative evidence. It is argued that the repeal of the statute expressly requiring corroboration in all cases did not repeal this rule of the common law. A number of authorities from other jurisdictions tending to support the appellant's view as to the common law rule are cited. The question, however, is not an open one in this state. Prior to the passage of the act of 1907, Laws of 1907, p. 396, § 1 (Rem. & Bal. Code, § 2155), requiring corroboration in such cases, this court had repeatedly held that corroboration of the prosecuting witness was unnecessary. *State v. Roller*, 30 Wash. 692, 71 Pac. 718; *State v. Fetterly*, 33 Wash. 599, 74 Pac. 810; *State v. Patchen*, 37 Wash. 24, 79 Pac. 479; *State v. Mobley*, 44 Wash. 549, 87 Pac. 815; *State v. Conlin*, 45 Wash. 478, 88 Pac. 932; *State v. Aker*, 54 Wash. 342, 103 Pac. 420.

While it is true that, in nearly all of the above cited cases, there was some slight evidence tending to corroborate the prosecuting witness, it is also true that the decision in each case was rested distinctly upon the ground that no corroboration was necessary in any case, and that the question was one for the jury upon a conflict of evidence. This is pointed out in *State v. Conlin, supra*, as follows:

"It is argued that the story of the prosecuting witness is improbable and uncorroborated. Her testimony was, however, direct and positive as to all the essential elements of the offense charged, and if true it is sufficient to convict the appellant. In such a case 'this court cannot, without a usurpation of authority, hold that the evidence is insufficient to warrant a conviction.' *State v. Fetterly*, 33 Wash. 599, 74 Pac. 810. Within the rule stated in the above case, and also in *State v. Roller*, 30 Wash. 692, 71 Pac. 718, it is not necessary that there shall be actual corroboration of the prosecutrix in such cases, since there is no statute requiring it. While it is true that certain corroborating circumstances were found in each of those cases, yet the actual rule there declared by the court is such that the uncorroborated testimony of the pros-

ecutrix is sufficient if the jury find it to be true. Of its
truth the jurors shall be the judges, and they shall apply
the usual, necessary and proper tests to determine whether
it is true or false."

It is true that in none of the foregoing decisions is there
any direct statement that at common law corroboration was
unnecessary. The distinct holding, however, found in all of
them that, in the absence of a statute so requiring, corrobora-
tion is unnecessary, is tantamount to such holding, since it
carries the necessary implication that, at common law, no
such corroboration was required. It may be remarked in
passing that in this case, also, there were some slight cir-
cumstances in evidence tending to corroborate the prosecut-
ing witness. We prefer, however, to place our decision une-
quivocally upon the authority of the foregoing decisions, to
the effect that, at common law, corroboration was unneces-
sary. These decisions were undoubtedly the occasion of the
passage of the statute requiring corroboration. It is equally
plain that, by repealing that statute, the legislature intended
to restore the law to its former status.

II. For some days, both before and after the date upon
which it was charged the offense was committed, the prose-
cuting witness had been working for the appellant picking
cranberries. She had testified that the crime was committed
in a barn on appellant's premises on the 30th day of Septem-
ber, 1913. At the time of his arrest, the appellant owed her
a small balance for her services. She testified that, shortly
after the arrest, she sent him an itemized statement of this bal-
ance. On cross-examination, the appellant admitted receiving
a statement, but could not say definitely that the statement of-
fered was a correct copy of that received. He admitted,
however, that the amount he paid her in response to the
statement was the same as the amount of the statement, lack-
ing a few cents. The appellant's principal line of defense,
as developed by his evidence, was that the prosecuting wit-
ness did not work for him on the 30th day of September,

1913, and was not present on his premises on that day. At the trial, a copy of this statement was admitted in evidence over the appellant's objection that it was incompetent, irrelevant, immaterial, improper rebuttal and not the best evidence. The purpose of the state in introducing the statement was to show that the prosecuting witness had charged him for labor on that day and that he had paid substantially the amount so charged. Since there was no conflict in the evidence as to when the prosecuting witness commenced work or when she finally ceased work for the appellant, it is obvious that the statement had some tendency to show that she was present on the appellant's premises on the day when it was charged the offense was committed. The objection to the relevancy and materiality of the statement was therefore untenable.

This seems to be conceded, but it is now strenuously argued that the court committed error in receiving secondary evidence of the contents of this statement, and that the copy was inadmissible without notice first having been given to the appellant to produce the original. Under our own decisions, this claim is also untenable. In *State v. McCauley*, 17 Wash. 88, 49 Pac. 221, 51 Pac. 382, this exact contention was made touching the admissibility of evidence concerning certain checks which had been traced to the defendant's possession. This court said:

"It was beyond the power of the court to enforce such a demand for the simple reason that the defendant could not be compelled to furnish evidence against himself; and while upon this question of giving notice to a defendant in a criminal case to produce papers or other exhibits there are conflicting decisions, and it is probably true that a majority of the cases require that such notice be given, we are unwilling to adopt it as an invariable rule."

In the very recent case of *State v. Jackson*, 83 Wash. 514, 145 Pac. 470, where the same question was under discussion, this court, following the *McCauley* case, held that the right

of the state to introduce secondary evidence in such a case does not depend upon a notice to produce documents possessed by the defendant, and which are believed to be incriminating, for the reason that it is beyond the power of the court to enforce the demand. As pointed out in the *McCauley* case, the correct rule as adopted by this court is that stated in Rice on Evidence, vol. 3, page 45, as follows:

"If the indictment itself alleges that the accused is the custodian of the document needed in evidence or where the evidence in the case shows it to be in his possession or in that of an accomplice who refuses to produce it on the ground of its criminating tendency, the state is not obliged to give notice to produce."

See, also, *McKnight v. United States*, 115 Fed. 972; *United States v. Reyburn*, 6 Pet. (U. S.) 352; 1 Wharton, Criminal Evidence (10th ed.), § 212.

III. When the statement of account was referred to in cross-examination of the appellant, he was asked by counsel for the state whether he had the original in his possession. He answered that he did not know whether it was in his possession or that of his attorney. His attorney was then asked if he had it and answered in the negative. The appellant, somewhat inconsistently with his prior contention that secondary evidence was not admissible without demand upon him for the original, now urges that the foregoing questions constituted a demand, and therefore impinged the provisions of the state and Federal constitutions which guarantee that no person shall be compelled in any criminal case to give evidence against himself. State Constitution, § 9, art. 1; Federal Constitution, 5th Amendment. The above mentioned colloquy, however, contained no demand upon the appellant to produce the original, nor was it equivalent to such a demand. It was no more than laying the necessary foundation for the introduction of secondary evidence of the contents of the statement by tracing the original to the appellant's possession.

IV. Upon his own direct examination, the appellant was asked whether he had made to the prosecuting witness certain statements touching sexual matters attributed to him by her in her testimony. He answered, "I never made such statements to her or to anybody else." On cross-examination, he was asked whether he had not made similar statements at prior times to two other young girls. He answered in the negative, and no further evidence was offered on the subject. It is urged that the asking of these questions was prejudicial error, in that they might have a tendency to prejudice the jury against him. This contention is also untenable. The appellant had taken the stand as a witness in his own behalf and volunteered a statement favorable to himself. He thereby subjected himself to cross-examination relative to the truth of that statement. Though, under our constitution, a defendant in a criminal case cannot be compelled to give evidence against himself, nevertheless, when he voluntarily offers himself as a witness in his own behalf, he is "subject to all the rules of law relating to cross-examination of other witnesses." Rem. & Bal. Code, § 2148 (P. C. 135 § 1145); *State v. Peeples*, 71 Wash. 451, 129 Pac. 108; *State v. Hill*, 45 Wash. 694, 89 Pac. 160; *State v. Melvern*, 32 Wash. 7, 72 Pac. 489; *State v. Armstrong*, 29 Wash. 57, 69 Pac. 392; *State v. Duncan*, 7 Wash. 336, 35 Pac. 117, 38 Am. St. 888.

V. Among the instructions given by the court was one as follows:

"The court instructs you that the date stated is not one of the material allegations of the information which has to be proved as laid. It is sufficient if the state has shown that the crime charged was committed on or about the 30th day of September, 1913, and within three years previous to the filing of the information in this case, which was on December 18, 1913."

The appellant contends that this instruction was fatally erroneous. As hereinbefore stated, the testimony introduced

on behalf of the appellant was mainly directed to proof that the prosecuting witness was not present at the time and place testified to by her as the time and place when and where the alleged offense was committed. She testified to the effect that she thought the offense was committed on September 30, 1913; that she was not quite sure that it was September 30, but she was sure that it was on a Tuesday and on the day when the appellant's wife returned from a visit to Portland, where she had gone to place her daughters in school. The appellant, his wife, and several other witnesses all testified that Mrs. Morden returned from her visit to Portland between ten and eleven o'clock in the forenoon of Tuesday, September 30, 1913. It is, therefore, clear that, while the prosecuting witness was not certain as to the day of the month, she did fix the date of the crime as testified to by her, by her positive reference to the day Mrs. Morden returned, as the 30th day of September, 1913. There was, therefore, no dispute as to the exact date of the alleged offense. The evidence as to its commission was all to the effect that it occurred, if at all, on that certain day. Appellant's defense tending to show, by the testimony of several witnesses, that the prosecuting witness did not work for the appellant and was not present on his premises on that day, while not technically an attempt to prove an alibi, was very much of the same nature. It was, in effect, an effort to prove an alibi of the prosecuting witness. She, by her own testimony, having definitely fixed the exact date when she charges that the crime was committed, this defense made the commission of the crime on that exact date the controlling issue in the case. The time charged was, therefore, as clearly material as it would have been had the defense been an alibi.

In *State v. King*, 50 Wash. 312, 97 Pac. 247, the state's evidence fixed the date of the offense as between the 12th and 15th of a certain month. Upon the defense of an alibi, there was evidence that during that period the defendant was at

home, sick in bed, and therefore could not have committed the offense. In that case, this court held an instruction, to the effect that the exact date was immaterial and that it was sufficient if the defendant committed the crime at any time within three years prior to the time the information was filed, constituted misleading error. We said: "It is difficult to imagine a case where the time of the commission of a crime is not material to the defense of alibi." In all reason, as it seems to us, it is just as difficult to imagine a case where the defense is that the victim of a personal assault was not present at the time and place when the assault must have been committed, if at all, in which the time of the commission of the offense would not be material to such a defense. While under the statute, Rem. & Bal. Code, § 2060 (P. C. 135 § 1025), it is not essential that the precise time of the offense charged be alleged in the indictment or information, the question here presented is not one of allegation, but of proof and of the necessity for an instruction applicable to the proof. The instruction complained of was erroneous. It withdrew from the jury the appellant's chief defense.

VI. One of the grounds of the motion for a new trial was misconduct of the jury. During the progress of the trial at the adjournment of the court on a Saturday evening, the court, having obtained consent of counsel for both sides, admonished the jury as follows:

"We are about to adjourn for the evening and until Monday morning. The bailiffs during the intermission which will be of unusual length in this trial, will be authorized through the agreement of counsel of both sides to furnish you opportunity to attend any of the shows you desire all in a body and to attend such church service as a majority of you may wish. . . ."

It appears by the uncontradicted affidavits filed in support of the motion for a new trial, that on the following Sunday evening the entire jury, in the custody of two bailiffs,

went to a theater in South Bend to attend a moving picture show. Eleven of the jurors, in custody of one of the bailiffs, went inside the theater and remained in attendance upon the show for a period of more than an hour. One of the jurors and the other bailiff, entertaining conscientious scruples against attending places of amusement on Sunday, remained outside within the portico or porch of the theater building during that period. It is urged that this separation of the jurors without the consent of the accused constituted reversible error. Our own statute, as construed by our own decisions, clearly sustains this contention. The statute, Rem. & Bal. Code, § 2159 (P. C. 135 § 1187), is as follows:

"Juries in criminal cases shall not be allowed to separate, except by consent of the defendant and the prosecuting attorney, but shall be kept together, without meat or drink, unless otherwise ordered by the court, to be furnished at the expense of the county."

Affidavits of the juror and bailiff who remained outside the theater were produced to the effect that, during the period of separation, they had no conversation with any one. In *State v. Bennett*, 71 Wash. 673, 129 Pac. 409, following the rule laid down in the cases of *State v. Place*, 5 Wash. 773, 32 Pac. 736, and *State v. Strodemier*, 41 Wash. 159, 83 Pac. 22, 111 Am. St. 1012, we held such affidavits insufficient to cure the error, and, in effect, that the statute is mandatory. Referring to the case of *State v. Pepoon*, 62 Wash. 635, 114 Pac. 449, in which misconduct of another character was involved, we said that, in the absence of a statute, prejudice will not be presumed, and that such is the holding in the *Pepoon* case, but that where the misconduct is a violation of an express prohibition of the statute, the presumption of prejudice follows. In the case before us, there was a direct violation of the statute and of the court's admonition by every member of the jury. It was as positive misconduct on the part of the eleven to separate themselves from the twelfth

juror as it was for the twelfth to remain apart from the eleven. Unless we are ready to overrule our decisions in the *Place, Strodemier* and *Bennett* cases, we must hold that the separation of the jurors in this case was such misconduct as to necessitate a new trial.

The respondent cites the case of *State v. Burns,* 19 Wash. 52, 52 Pac. 316, as sustaining the view that the mere separation of one juror in the custody of one bailiff from the remainder of the jurors in the custody of another bailiff is not a separation within the meaning of the statute. In that case one of the jurors was taken sick in a restaurant, where the jurors in the custody of the bailiffs had been taken for a meal. He was unable to walk back to the court house. He was left in charge of one of the bailiffs and rode to the court house in a street car. The rest of the jurors, in charge of the other bailiff, walked. While it was held in that case that the separation, in the absence of a showing that any member of the jury was tampered with, was not fatal misconduct, the statute was not referred to and the question seems to have received scant attention. In view of the more recent cases of *State v. Strodemier,* and *State v. Bennett, supra,* by which we are committed to the view that, where the miscon-. duct is admitted, jurors cannot be heard to deny its prejudicial influence, and in view of the plain terms of the statute, we cannot extend the exception, which appears to have been made in the *Burns* case because of the necessity resulting from the juror's illness, to cases in which no such necessity exists and where the separation is without any adequate excuse. It is no answer to say, as argued by respondent, that there was no separation in law, because all of the jurors were at all times under the same roof. It is a matter of fact which no argument can remove that the jurors were as effectually separated as if the one remaining outside had, with the other bailiff, seen fit to take a walk while waiting for the others.

There are several other assignments of error which we deem it unnecessary to discuss. They are, none of them, of

such character as to be fatally prejudicial, nor such as are likely to recur on a second trial.

For the foregoing errors, the judgment is reversed, and the cause is remanded for a new trial.

MORRIS, C. J., CHADWICK, and FULLERTON, JJ., concur.