[No. 18272. Department One. January 19, 1924.]

## C. O. HOSNER *et al., Respondents,* v. OLYMPIA SHINGLE COMPANY, *Appellant.*[1]

APPEAL (413)—REVIEW—VERDICT. The verdict of a jury sustained by ample evidence cannot be set aside upon appeal.

LOGS AND LOGGING (4)—SALE OF LOGS—SCALING—FRAUD OR MISTAKE—EVIDENCE—SUFFICIENCY. Findings of a jury that there had been no gross error in the scale of cedar logs are sustained by the evidence that they cut within six or seven per cent of the scale and that a scale within six per cent of the cut is a good scale.

APPEAL (142)—PRESERVATION OF GROUNDS—EXCEPTIONS TO INSTRUCTIONS. Error cannot be assigned on the giving or refusal of instructions, in the absence of any exceptions thereto.

NEW TRIAL (49)—MISCONDUCT OF JUROR—IMPEACHMENT OF VERDICT—AFFIDAVITS. Misconduct of a jury entitling a party to a new trial cannot be shown by affidavits to the effect that certain jurors prejudged the case, and that they did not read the instructions after retiring.

SAME (38)—NEWLY DISCOVERED EVIDENCE—IMPEACHMENT OF WITNESS. A new trial will not be granted for newly discovered evidence that merely goes to the impeachment of one of the witnesses.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered March 15, 1923, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on contract. Affirmed.

*James O. Marts,* for appellant.

*T. F. Mentzer* and *Troy & Yantis,* for respondents.

MACKINTOSH, J.—The respondents sold to the appellant a raft of logs at a price of $21 per thousand, and allege that the raft contained 344,240 feet, and sue for the purchase price, amounting to $7,229.04.

The raft was sold upon scale, but the appellant claims that representations were made as to the quality of

[1]Reported in 222 Pac. 466.

the logs, and the logs not meeting the representations, it should not be compelled to pay the amount sued for, and that there was, as a matter of fact, but 270,250 feet contained in the raft. From a judgment in favor of the respondents for the entire amount sued for, the appellant has appealed.

The case essentially presents disputed questions of fact which were submitted to a jury. The main contention is that the scaler employed by the respondents committed such gross mistakes in his work that the appellant is not bound by his scale. According to his scale, there were 344,240 feet. The appellant claims that out of the raft it cut 3,243,000 "star" shingles, and that on a basis of 12,000 "star" shingles being the average cut from 1,000 feet of cedar logs, there were therefore actually only 270,250 feet in the raft. The appellant bases its computation on what it claims is a rule or custom in this district—that, where cedar logs are properly scaled and full allowance made for defects, the logs should cut approximately 10,000 "clear" or 12,000 "star" shingles for each 1,000 feet of logs; "star" shingles being a grade inferior to those known as "clear."

There was evidence, however, that the raft was sold as a "star" raft, and timber men testified that in "star" rafts the custom is that a raft properly scaled should cut out 10,000 "star" shingles. It was the function of the jury to pass upon this dispute as to the description upon which the raft was sold and the dispute as to the custom in regard to scaling log rafts.

A number of errors are assigned, many of which deal with matters of such trifling importance as not to warrant a disturbance of the judgment.

Although the respondents have consistently maintained that the rule of *caveat emptor* should apply on

the purchase of these logs, still the appellant introduced an abundance of evidence to show that the purchase was made upon representations as to quality and quantity and the case was submitted to the jury upon the appellant's theory, and the jury was advised that, if there was any fraud or misrepresentation or gross mistake, the appellant was entitled to the benefit of such a finding by them. The jury found that the allegations of the appellant's affirmative defense had not been established, and the court, of course, is powerless to set aside such a finding, there having been ample evidence to justify it.

The testimony shows that, accepting the respondents' testimony that a "star" raft would cut out 10,000 "star" shingles to a thousand feet of logs, and that if a scale was within six per cent of what the actual cut showed, it was a good scale, the scale of the raft here was good, and therefore the appellant's contention that there had been gross errors in making the scale was unfounded. The scale showed, as has been said, 344,240 feet of logs. On the basis of 1,000 feet of logs making 10,000 "star" shingles, there would have been 3,450,000. There were actually cut 3,213,000, or an undercut of 237,000, which is between a six and seven per cent underrun. Under the testimony, the jury was amply justified in finding that the scale was a close and good one.

Errors are assigned upon the giving of certain instructions and the refusal to give others offered by the appellant. These assignments cannot be noticed by us for the reason that no exceptions were taken to the instructions given, nor were there any exceptions to the refusal to give those offered.

Upon motion for a new trial, affidavits were submitted tending to show misconduct of the jurors.

Among such acts and misconduct was the statement by one of the jurors during the progress of the trial that the minds of certain jurors had already been made up. In *State v. Aker*, 54 Wash. 342, 103 Pac. 420, 18 Ann. Cas. 972, a similar question was before the court and there we said:

"Upon hearing of the motion for new trial, counsel for defendant sought to show by the affidavit of a juror that, at a recess during the progress of the trial while the prosecuting witness was giving her testimony, the jury was taken to the jury room, and while there a juror expressed in a positive manner his opinion that the defendant was guilty, and other jurors acquiesced in the statement and expressed themselves in substance to the same effect. It is contended that this was such misconduct on the part of the juror as entitled the accused to a new trial. It is not claimed that the expression of opinion was based on any fact outside the testimony which had been given upon the trial, or that the juror stated any facts relating to the accused, or that the expressions of opinion were made within the hearing of any person other than the jurors themselves. We think this is not such misconduct as can be shown by the affidavit of a juror."

Another act of misconduct referred to is that the jurors did not read the instructions after retiring to the jury room. This is a matter which inheres in the verdict and cannot be shown by affidavit. *Marvin v. Yates*, 26 Wash. 50, 66 Pac. 131.

Newly discovered evidence was offered to be produced, but an examination of the offer shows that the testimony merely goes to the impeachment of one of the respondents' witnesses. This is not sufficient to entitle appellant to a new trial. *Armstrong v. Yakima Hotel Co.*, 75 Wash. 477, 135 Pac. 233. Finding no error, the judgment is affirmed.

MAIN, C. J., PARKER, HOLCOMB, and TOLMAN, JJ., concur.