[No. 2798. Decided February 26, 1898.]

THE STATE OF WASHINGTON, *Respondent*, v. PAT
BURNS, *Appellant*.

LARCENY — SUFFICIENCY OF INFORMATION — DESCRIPTION OF MONEY —
CONTINUANCE — EVIDENCE — COMMENT BY JUDGES ON TESTIMONY —
INSTRUCTIONS — SEPARATION OF JURY.

In an information charging the larceny of money a descrip-
tion of the property stolen as being two one hundred dollar bills
and one fifty dollar bill, lawful money of the United States, is
sufficient under Code Proc., § 1253 (Bal. Code, § 6859), which
provides that in such cases it is sufficient to allege the larceny to
be of money or bank notes, without specifying the coin, number,
denomination or kind thereof.

The fact that an information charging the larceny of money,
after naming the number and denomination of the bills, alleges
further "a more exact description being not now known," while a
witness for the state gives an exact description of the bills in his
testimony, does not constitute a fatal variance, when there is no
showing of want of diligence on the part of the prosecuting at-
torney to ascertain and charge the exact description.

The refusal of a continuance in a criminal cause does not show
an abuse of discretion, when the cause has been finally set for
trial more than five weeks after defendant's arrest, one continu-
ance having been granted him in the meantime.

A remark by the court concerning a criminal action, that "it
is mostly a case of positive testimony," is not objectionable on
the ground of being an expression of the court's opinion on the
weight of the testimony.

In a prosecution for the larceny of money, it is competent to
put in evidence the money taken from defendant's person when
arrested, although not identified as a part of the stolen money,
merely as a circumstance showing he had money when arrested,
which the jury might properly consider.

Error of the court in stating to the jury that it was not permis-
sible to introduce evidence affecting the character of the defend-
ant, that the court would not permit it, for instance, to be shown
that he had committed another offense, is harmless, when the
instructions were fair to the defendant otherwise and correctly

stated the law, and it does not appear that prejudicial error resulted from the remark.

The fact that, after an order against the separation of jurors, one of them who was taken sick while the jury was out for a meal, was brought separately on a street car to the courthouse in charge of one bailiff, while the remainder of the jury walked there in charge of another bailiff, is not error, when there is no showing that any of the jurors were tampered with in any manner.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge. Affirmed.

*Tremper & Winstock,* for appellant:

An averment in an information that the name of a person or fact necessary to be alleged is unknown is permissible only from necessity, and the information is rendered invalid and the defendant entitled to a discharge therefrom, when it appears at the trial that the name or the fact was either known or could, by the exercise of ordinary diligence, have become known to the prosecuting attorney. *State v. Stowe,* 33 S. W. 799; *Presley v. State,* 24 Tex. App. 494; *Jackson v. State,* 28 N. W. 815; *Merwin v. People,* 26 Mich. 301 (12 Am. Rep. 314); *Commonwealth v. Thornton,* 14 Gray, 41; *Drechsel v. State,* 34 S. W. 934; *Commonwealth v. Blood,* 4 Gray, 33; 1 Bishop, Criminal Procedure (3d ed.), p. 343.

*James F. McElroy,* Prosecuting Attorney, and *John B. Hart,* for The State:

This court has held under § 1253, 2 Hill's Code, that a description of money stolen is not a necessary allegation in an information. *State v. Hanshaw,* 3 Wash. 12; *State v. Blanchard,* 11 Wash. 116. Under § 1245, subd. 4, 2 Hill's Code, this court has disregarded useless and unnecessary allegations in an information as surplusage. *State v. Ackles,* 8 Wash. 462; *State v. Miller,* 3 Wash. 131.

Where they are contained in an information it is not necessary to prove same. *People v. Nelson*, 56 Cal. 77.

The opinion of the court was delivered by

Scott, C. J.—The defendant was convicted of grand larceny and has appealed. The property stolen was described in the information as being two one hundred dollar bills and one fifty dollar bill, lawful money of the United States, etc., "a more exact description being not now known." The testimony showed that one of the one hundred dollar bills was a United States treasury note, that the other was a national bank note, and that the fifty dollar bill was a silver certificate, and it is alleged that the prosecuting attorney by the exercise of ordinary diligence could have ascertained these facts and given an exact description of the money. It is contended that this constituted a fatal variance. Section 1253, Vol. 2, Hill's Code (Bal. Code, § 6859), provides:

"In an . . . information for larceny . . . of money, bank notes, etc., . . . it is sufficient to allege the larceny . . . to be of money, bank notes, etc., . . . without specifying the coin, number, denomination, or kind thereof."

And while it may be conceded that the information should give as correct a description as can be done under the facts known or readily ascertainable, where a description is attempted, we think there is nothing in the case to show want of diligence on the part of the prosecuting attorney, and that the description was sufficient under said statute. Nor do we think any injury resulted to the defendant.

It is next alleged that the court erred in refusing to grant a continuance. The record shows that the defendant was charged with the offense and arrested on the 20th day of May. The cause was once continued and finally called for

trial on the 28th day of June. We think there was no abuse of discretion shown in refusing to grant a further continuance.

It is next alleged that the court erred in commenting on the testimony. The language complained of is that the court said: "It is mostly a case of positive testimony." This was in fact true. The remark was not open to the charge that the court expressed an opinion on the weight of the testimony. There was no error in this respect.

The fourth assignment of error relating to the attempt to prove the bad character of the complaining witness is not supported by the record. Every question asked was answered and there was no offer of further proof ruled out.

As to the next matter, the record does not show a sufficiently definite offer of proof to show that the money might have been lost in some other way, even if such proof would be admissible at all considering the direct testimony against the defendant.

It is contended that there was error in allowing certain money to be put in evidence, alleged to have been taken from the person of the defendant when he was arrested, as there was nothing to identify it as having been any part of the money taken from the defendant. We think, however, it was competent to show that he had money when arrested; its weight as a circumstance tending to show guilt was a matter for the jury to consider.

It is also contended that the court erred in stating to the jury in one of its instructions that it was not permissible to introduce evidence affecting the character of the defendant; that the court would not permit it, for instance, to be shown that he had committed another offense, and it is contended that this suggested in effect that the defendant had been guilty of another offense when there was no proof of the same, and that it tended to his prejudice. We think

the instructions were fair to the defendant and correctly stated the law, and that no prejudicial error resulted from the remark in question, although it properly had no place in the instruction. In this connection, it is alleged that the court was hostile to the defendant or unduly biased against him, although it is not claimed that there was any intentional exhibition of such feeling, but it is based upon the defendant's view of the entire course of the trial, and it is contended that he should have a new trial upon that ground. We find nothing in the record to substantiate this statement, and it should not have been made without more definite grounds. It is also alleged that the verdict was contrary to the evidence. Without going into the evidence in detail we are of the opinion that it was amply sufficient to warrant a conviction.

It is also alleged that the jurors were allowed to separate after the court had ordered them to be kept together. In support of this it appears the jury was conducted to a restaurant in the city by bailiffs for their meals, and that one of the jurors was taken sick and was unable to walk back to the courthouse, but was left in charge of one of the bailiffs and rode to the courthouse in a street car, while the rest of the jurors walked in charge of another bailiff. There is nothing to show that any member of the jury was tampered with in any manner, and there is clearly no error in this particular.

Affirmed.

ANDERS, DUNBAR and REAVIS, JJ., concur.