666. WAXELBAUM COMPANY *v.* ATLANTIC COAST LINE
RAILROAD COMPANY.

A motion for a continuance upon the ground that the sole or leading counsel for the party is actually engaged in the Supreme Court or the Court of Appeals should be granted; and a refusal thereof is ground for a new trial.

Action for damages, from city court of Albany—Judge Crosland. June 8, 1907.

Argued November 25, 1907.—Decided January 15, 1908.

Waxelbaum Company brought a suit for the recovery of damages against the Atlantic Coast Line Railroad Company. The case proceeded to trial before a jury, and a large amount of testimony was adduced in behalf of both parties. The testimony in behalf of the plaintiff tended to establish the liability of the defendant for the non-delivery of a certain box of goods marked M, and testimony in behalf of the defendant tended to show the delivery of the boxes in question to the consignee. On behalf of the defendant, however, there was positive testimony that at the time the box of goods in question were shipped and when they were received at Albany, the defendant had no railroad, or depot, or agency at Albany. Mr. Winegate, a witness in behalf of the defendant, testified, that he was with the Plant system in 1901, as cashier at Albany; that there was no Coast Line at that time at Albany, and that the Coast Line at that time did not run into Albany. After the introduction of this evidence the plaintiff's counsel asked that the case be withdrawn from the jury, and for a continuance, in order to investigate the question. The defendant objected, and moved the court to direct a verdict for the defendant. Counsel for the plaintiff thereupon argued that the court had the authority to withdraw the case, and made the statement that the plaintiff was helpless to overcome the evidence of the defendant upon the point that the Atlantic Coast Line was not doing business at Albany in 1901, not having anticipated such evidence. The court then overruled the motion to direct a verdict for the defendant, and, after cautioning the jury not to discuss the case, adjourned the hearing of the case until the 8th of June. On the 8th of June, 1907, the case was duly called, and Mr. George S. Jones, the counsel who had conducted the case on the previous two days.

of trial, was absent. Nor was there any other appearance for the plaintiff. On June 7, 1907, as appears from the bill of exceptions, Mr. Jones sent a letter and a telegram to the presiding judge, in which he stated that he was engaged in the Supreme Court, and would necessarily be compelled to argue a case in that court on the next day (the 8th) which was the date to which the present case had been passed. The telegram said, "Engaged in Supreme Court to-day and Saturday. Please check Waxelbaum case." The letter fully detailed the facts in regard to certain cases in the Supreme Court in which Mr. Jones' presence was necessary because he had tried them in the court below, without assistance, and asked the court to continue the case until some day of the succeeding week. If this was impossible, a mistrial was asked for. The court declined to continue the case, and awarded a nonsuit, upon the ground that the plaintiff had sued the Atlantic Coast Line, and the wrong, if any was committed, was done either by the Savannah, Florida & Western Railroad or the Brunswick & Western Railroad, and because there was no evidence to show that the Atlantic Coast Line was in any way responsible for their torts. The Waxelbaum Company excepts to the judgment granting a nonsuit.

*Hardeman & Jones,* for plaintiff.

*Pope & Bennet,* for defendant.

RUSSELL, J. (After stating the foregoing facts.) Applications for continuances are addressed to the sound legal discretion of the trial judge, and that discretion will not be interfered with unless it is abused. The defendant objected strongly to the temporary continuance from May 24 to June 8, which was granted by the court for the purpose of enabling the plaintiff to see if it could find evidence sufficient to overcome that adduced by the defendant, but it did not preserve its exceptions by excepting, and consequently this ruling is not before us for review. While we are not required to rule that the court abused its discretion in passing the case at that time, certain it is that if the court had then proceeded with the case it would not have been an abuse of discretion. However that may be, the court, having taken recess and temporarily continued the case, properly or improperly, until Saturday June 8, should at that time have granted a further continuance, in view of the showing made. Mr. Jones, as appears from the

record, alone conducted the case in behalf of the plaintiff during the trial, lasting two days, before the recess was taken. Upon the day set for the resumption of the trial, he was actually engaged in the argument of cases before the Supreme Court. He could not be at both places, and his place in the trial in the city court of Albany could not be supplied by any one else, who would necessarily be unfamiliar with what had already transpired on the trial. If the trial had never begun, his client would have been entitled to his presence, and his absence would have been good ground for continuance. His presence was more important when the case was to be resumed and had been partially tried than if the trial had not been begun. It rests in the knowledge of every practitioner that counsel brought into a case partly tried, and who has heard nothing of what has transpired, especially if the case has been practically completed so far as evidence is concerned, labors under a great disadvantage. Where the sole counsel in a case is in attendance and actually engaged in the Supreme Court or the Court of Appeals, his absence from a superior court or a city court or any other inferior court is a good ground of continuance. And when it is made to appear, as in this case, that the absence of such counsel is due to his engagement in the Supreme Court or the Court of Appeals, and that thereby a conflict of duties has arisen, the appellate courts having precedence, the duty there must prevail, and the cause of such counsel in the lower court, in which such showing appears, should be continued.

Holding, as we do, that this case should have been continued, it necessarily follows that a mistrial should not have been denied; and it becomes immaterial for us to discuss whether the court erred, under the evidence then before him, in granting a nonsuit. Counsel for the plaintiff had the right to be heard upon that, as upon any other judgment asked at the hands of the court, and more especially where the case had been passed for the express purpose of allowing his client to supplement, if he could, his evidence upon a point which he had not anticipated. *Judgment reversed.*