[No. 31305. Department One. June 19, 1950.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN E. HARTWIG, *Appellant.*[1]

*George N. Apostol,* for appellant.
*John Hancock,* for respondent.

[1]Reported in 219 P. (2d) 564.

GRADY, J.—The appellant was adjudged guilty of grand larceny, larceny by check, and petit larceny, and has taken this appeal. The assignments of error which we deem necessary to consider, relate to the refusal of the court to grant appellant a continuance of his trial, (a) upon application of his attorney, based upon the ground that a case in this court in which he was counsel had been set for argument on the same date; (b) upon application made by appellant in person when the case was called for trial, and (c) upon application of an attorney appointed by the court to appear for appellant.

The case was noted for setting for trial on October 11, 1949. On that date, the court set the case for trial November 9th, but stated to an attorney who was appearing for counsel for appellant that the setting was tentative. On August 25th, this court had set a case in which counsel appeared for November 9th. The record discloses that copies of our bar docket were received by the clerk of the superior court and prosecuting attorney of Okanogan county. Counsel for appellant assumed from his previous experience that when it appeared certain that there would be a conflict in his cases in this and the superior court, he would have no difficulty in securing a continuance of the trial of this case. On November 6th, he sought to make arrangements for a continuance with the prosecuting attorney, but was unable to secure his consent; thereupon, he filed a motion for continuance supported by affidavit, left a copy of it at the office of the prosecuting attorney, and presented it to the court the following day. The court denied the motion.

Although it may seem that counsel for appellant should have sought a continuance earlier, no one was prejudiced by the delay. No sufficient reason appears why the motion for continuance should not have been granted, as there were open dates on the court docket after November 9th. Counsel for appellant deeming it his duty to appear in this court on November 9th, notified appellant that he must do so. Appellant contacted an attorney residing in Spokane, but that attorney was unable to appear for him on November 9th.

When the case was called for trial on November 9th, at the hour of 1: 30 p. m., appellant made a personal request to the court for a continuance of the trial, basing it upon the ground that his counsel was appearing before this court. The request was denied. The court appointed an attorney to represent appellant and recessed until 2: 15 p. m. After recess the appointed attorney made a motion for a continuance of the trial, explaining to the court that he was not prepared to represent appellant; that he had not had an opportunity to discuss the facts of the case with him nor to study the charge made against him. The prosecuting attorney resisted the motion. The court denied the motion and ordered the case to proceed to trial.

██ ██ When it was made to appear to the trial court, both upon the application of counsel for appellant and upon appellant's own motion, that counsel had an engagement to appear in this court on the same date the trial of this case had been set in the superior court, that court should have granted a continuance. We are in accord with the general rule that it is within the discretion of the trial court to grant or deny an application for a continuance of the trial of a case, but such discretion necessarily has limitations and the action taken must not be arbitrary or without justification under the circumstances then existing.

██ This court had made up its docket for its September term in the latter part of August. Judges and attorneys must take notice of our docket. The superior courts, in setting cases for trial subsequent to the issuance of one of our dockets, should set them so that attorneys will not have cases set in both courts on the same day, and if such should occur by inadvertence or otherwise, the case in this court as a general rule must take precedence. This precise situation has never before been considered by this court. The general consensus of judicial opinion in other states is that cases set for hearing by an appellate court have precedence over those set by a trial court on the same date where an attorney is counsel in both cases. *Peterson v. Atlantic City R. R.*, 177 Pa. 335, 35 Atl. 621, 34 L. R. A. 593; *Hopkins v. Smathers,*

114 S. C. 488, 104 S. E. 30; *Waxelbaum Co. v. Atlantic Coast Line R. Co.*, 3 Ga. App. 394, 59 S. E. 1129. The rule of precedence, however, cannot be one of universal application, and situations not readily foreseeable may arise where a trial court would be justified in setting a case for trial notwithstanding the fact that counsel for one of the parties might be counsel in another case previously set for argument in an appellate court of that state. We shall not attempt to indicate under what circumstances such justification may exist. We can only pronounce a rule which we feel applicable to the situation now before us and furnish a rule of conduct to guide the bench and bar of this state in cases not having exceptional circumstances.

 When the court recognized the constitutional right of appellant to have counsel and appointed an attorney to represent him, it then became the duty of the court to allow the appointed attorney a reasonable time within which to consult his client and make adequate preparation for trial. The constitutional right to have the assistance of counsel, Art. I, § 22, carries with it a reasonable time for consultation and preparation, and a denial is more than a mere abuse of discretion; it is a denial of due process of law in contravention of Art. I, § 3 of our constitution. *Commonwealth v. O'Keefe*, 298 Pa. 169, 148 Atl. 73; *Jones v. Commonwealth of Kentucky*, 97 F. (2d) 335; 14 Am. Jur. 886, Criminal Law, § 172; 16 C. J. S. 1187, Constitutional Law, § 591; Annotation, 84 A. L. R. 544.

Although it may have been made to appear to the court that the issues of fact and law were comparatively simple, and hence a continuance was not needed, nevertheless it was the duty of appointed counsel to make a full and complete investigation of both the facts and the law in order to advise his client and prepare adequately and efficiently to present any defenses he might have to the charges against him. No sufficient time was allowed for such purposes.

The judgment is reversed and the cause remanded to the trial court with directions to vacate it and award appellant a new trial.

BEALS, SCHWELLENBACH, HAMLEY, and DONWORTH, JJ., concur.