[No. 37123. Department One. July 23, 1964.]

THE STATE OF WASHINGTON, Respondent, v. WILLIAM DALE WILLIFORD, Appellant.*

Irving C. Paul, Jr., for appellant.

Charles O. Carroll and William L. Kinzel, for respondent.

BARNETT, J.†—Defendant William Dale Williford was tried by a jury in the King County Superior Court and

*Reported in 394 P. (2d) 371.

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

found guilty of two counts of first degree forgery. Judgment and sentence was imposed, and the defendant appealed to this court.

The facts are: January 28, 1963, an amended complaint charging appellant with two counts of forgery in the first degree was filed in the Seattle Justice Court. Count 1 alleged that appellant forged or uttered a forged instrument in the amount of $114.37 to Marketime Drugs on July 10, 1962. Count 2 charged that appellant forged or uttered a forged instrument in the amount of $114.37 to Lindsay's Thriftway on July 10, 1962.

On February 13, 1963, appellant was arraigned and, with counsel, entered a plea of not guilty to both counts of the amended complaint.

A preliminary hearing was held on both counts of the amended complaint on February 28, 1963, when testimony was taken from respondent's witnesses, and the instruments or checks set forth in the amended complaint were introduced into evidence. During the entire proceeding, appellant was present and was represented by counsel.

The judge ordered appellant bound over to superior court on both counts on March 7, 1963.

Pursuant to the order of March 7, 1963, binding the appellant over, respondent filed an information in superior court on March 20, 1963. For reasons unknown, this information contained only one count—the charge set forth in count 1 of the justice court amended complaint.

March 29, 1963, appellant appeared with his counsel before the presiding judge of the King County Superior Court for arraignment on the aforementioned information. At that time, appellant was granted a 7-day continuance for entry of plea. April 5, 1963, appellant entered a plea of not guilty and the presiding judge set May 21, 1963, as the trial date.

The presiding judge, on May 15, 1963, permitted respondent to file an amended information charging appellant with two counts of forgery in the first degree. Appellant moved for a continuance, which was denied.

Appellant was arraigned upon the amended information on May 17, 1963. May 18, 1963, the appellant entered a plea of not guilty to the amended information.

May 10, 1963, appellant's counsel received a copy of a notice that respondent would move the presiding judge of the King County Superior Court on May 17, 1963, to endorse upon the information "Det. G. Kelson." This notice was filed May 13, 1963.

May 17, 1963, counsel for appellant appeared at the arraignment calendar in response to notice that the respondent intended to move for the endorsement of an additional witness, Detective G. Kelson, of the Seattle Police Department, known to be a handwriting expert. At that time, counsel had a written motion and supporting affidavit requesting a continuance to allow the appellant to consult another handwriting expert with the hope of obtaining contravening evidence. However, the respondent failed to move for the endorsement of Detective Kelson until the trial, when Detective Kelson was called to testify.

Appellant came on for trial on May 21, 1963, before the superior court, and was found guilty as charged.

On appeal, appellant assigns error as follows:

(1) In failing to grant appellant's motions for continuance prior to trial;

(2) In endorsing a handwriting expert during the trial and denying appellant's motion to continue to obtain another expert and prepare for cross-examination.

Assigned error No. 1 relates to the failure of the court to grant a continuance, when it permitted the state to file an amended information charging two counts of forgery in the first degree. The amended information differed from the original only to the extent that a second count of forgery in the first degree was added. The second count of the amended information was identical in all respects to count 1 of both the original and amended information, except that it named a different victim.

It is contended by the appellant that, after the court allowed the amendment, the court's denial of a continuance constituted an abuse of discretion.

The record indicates that appellant's counsel received notice from respondent of the latter's intention to file an amended information containing a second count, and that, pursuant to this notice, appellant's retained counsel appeared with the respondent before the presiding judge on May 15, 1963, and, at that time, the amended information was filed and a copy was served upon counsel.

The record further discloses that the amended information is identical to the amended complaint filed in the Seattle Justice Court. Evidence supporting both counts was presented at the preliminary hearing, with both appellant and his former counsel, Henry Opendack, present. Shortly thereafter, appellant's present counsel, Irving C. Paul, Jr., reviewed the notes made by the justice court judge during the preliminary hearing.

Appellant's counsel had 6 days in which to prepare the defense to count 2 of the information. Furthermore, appellant's counsel was aware of the two-count forgery charge in justice court and the fact that appellant was bound over to the superior court as a result of the evidence adduced to support those charges.

The trial judge endeavored to learn from appellant's counsel his reason for wanting a continuance. The judge said, "Now, if you can point out some substantial prejudice to the rights of the defendant, by not granting a continuance, I would be glad to hear you."

In reply, counsel said:

"It seems to me that there is an inherent prejudice. Now, frankly, I am willing to try a case tomorrow or the next day if it is in the field of law that I practice. So I am not suggesting that I am going to break into tears if I have to be forced to try the case. . . . I do have a scheme in my mind which I have developed in relation to Count I. Now, there is not time for me to develop that scheme as to Count II. And I don't want to let the cat out of the bag. It is not a very big cat, but it is the best I have got. And if we can get a continuance, it might be a bigger cat."

█ It is the general rule that it is within the discretion of the trial judge to grant or deny an application for the

continuance of the trial of a case, but such discretion necessarily has limitations, and the action taken must not be arbitrary or without justification under the circumstances then existing. *State v. Hartwig,* 36 Wn. (2d) 598, 219 P. (2d) 564; *State v. Thompson,* 59 Wn. (2d) 837, 370 P. (2d) 964.

In the case at bar, the trial judge conscientiously explored the possibility of prejudice to the appellant and found there was no sufficient cause for a continuance.

We agree with the conclusion of the trial judge, and find no merit in assignment of error No. 1.

Assigned error No. 2 relates to the endorsement of a handwriting expert during the trial, and denying appellant's motion to continue to obtain another expert and prepare for cross-examination.

The state called Detective C. G. Kelson of the Seattle Police Department as a handwriting expert. Before Mr. Kelson took the stand, the appellant moved that the witness not be allowed to testify, on the ground that his name was not endorsed on the information. In the alternative, the appellant filed a motion for a continuance so as to be able to consult a handwriting expert of his own choosing. Under oath, counsel stated he intended to file his motion for a continuance on May 17, 1963, the date the state was to have moved for the endorsement of Detective Kelson. Counsel stated the motion for a continuance was not filed when the state failed to endorse, because appellant's counsel was of the belief that the state would not call Mr. Kelson as a witness. The state then moved to endorse Mr. Kelson as a witness because due notice had been given to Mr. Paul and, in fact, Mr. Paul had talked to Mr. Kelson. Mr. Paul then stated to the court:

"Counsel is correct . . . I did talk to Mr. Kelson . . . At that time I went ahead and prepared a motion for continuance. . . . Now at this time I say to the Court that I am . . . *not claiming surprise.* But I say that it takes a number of days to consult with a handwriting expert and get his opinion . . ." (Italics ours.)

The trial judge noted that counsel had conferred with the witness, granted the motion to endorse, and proceeded with the trial.

At the oral argument in this court, counsel stated, in effect, that on the basis of his conversation with Mr. Kelson, he probably would not have consulted with a handwriting expert in any case, but was of the opinion that, as a matter of law, the defendant should have been afforded an opportunity to do so.

The applicable statute is RCW 10.37.030, which provides that the prosecuting attorney shall

". . . at the time the case is set for trial . . . file with the clerk a list of the witnesses which he intends to use at the trial and serve a copy of the same upon the defendant, . . . Either party may add such additional names at any time before trial as the court may by order permit. . . ."

█ We have decided that the court has the power to permit the state to endorse the names of witnesses on the information during the progress of the trial, or permit them to testify without such endorsement. *State v. Willis,* 37 Wn. (2d) 274, 223 P. (2d) 453; *State v. Thompson, supra.*

The requirement of the statute is designed to protect against *surprise,* and defendant must, in fact, *be surprised. State v. Cooper,* 26 Wn. (2d) 405, 174 P. (2d) 545.

Counsel admits he was not surprised. At least 11 days were at his disposal in which to seek expert rebuttal testimony. There is no showing that he attempted to do so. It has not been demonstrated that further investigation by appellant's counsel could have resulted in procuring a handwriting expert who would contradict the witness Kelson. In fact, counsel admits he probably would not have consulted with a handwriting expert in any case. Nor has it been demonstrated that the voir dire examination of the jury might have had a different result in this case, if appellant's counsel had had an opportunity to examine the new witness before the jury was selected.

This record discloses no error. The judgment and sentence of the trial court is affirmed.

OTT, C. J., HILL, ROSELLINI, and HALE, JJ., concur.