[No. 39852. Department Two. December 13, 1968.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLES FORTSON, *Appellant.**

*Hohlbein; Church, Sawyer, & VanDerhoef,* by *Kenneth D. VanDerhoef,* for appellant (appointed counsel for appeal).

*Charles O. Carroll* and *Jeff A. Morris,* for respondent.

*Reported in 448 P.2d 505.

OTT, J.†—Charles Fortson was convicted of the crime of armed robbery. From entry of the judgment and sentence based on the verdict of the jury, Charles Fortson has appealed. Appellant asserts that he was denied due process of law in that he was not properly represented by counsel and that the trial court erred in denying him a continuance to secure the testimony of two witnesses necessary for his defense.

On March 21, 1967, Francis D. Gordon, a taxicab driver, accepted three male Negro passengers in downtown Seattle. He was directed to drive to the High Point area of West Seattle. En route he was asked to stop at a cafe so they could purchase cigarettes, and thereafter continued on to the High Point area. On a side street he was ordered to stop by one of the passengers who wielded a knife and demanded his wallet. Upon receiving the wallet, the three fled.

Mr. Gordon radioed his dispatcher who notified the police. Officers promptly proceeded to the High Point area and apprehended three suspects. The accused, Charles Fortson, was identified by Mr. Gordon as the passenger in the front seat who had threatened him with a knife and demanded his wallet. The accused was also identified by a cashier in the cafe where the accused had stopped to purchase cigarettes.

Appellant was arrested March 21, 1967 with two other suspects. He was represented by his attorney, David LaRose, at a preliminary hearing held April 3, 1967. Thereafter, for some reason not shown in the record, Charles V. Johnson, who had been representing the two codefendants, was appointed on April 20, 1967 to represent appellant also, and Mr. LaRose was relieved of his responsibility. Prior to the trial, set for Tuesday, June 6, 1967, Mr. Johnson consulted with appellant on two occasions. On the Friday before trial, June 2, 1967, appellant requested a new attorney. His request was granted and on Monday, June 5, 1967, the

---

†Judge Ott is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

court reappointed David LaRose. In addition, Charles V. Johnson, who was at the trial representing the other two codefendants, agreed in open court to aid Mr. LaRose in appellant's defense.

Appellant became a witness in his own behalf and testified that on the evening in question he was visiting with a girl friend, Victoria Horn, in the High Point area; with him were two friends who resided in Canada; that his friends left for a short time and the girl friend's mother then requested appellant leave the premises; that she threatened to call the police when her request was not heeded; and that when the police arrived, appellant fled thinking they had been called by Mrs. Horn. He denied participating in the robbery.

Appellant's motion for a continuance was predicated upon his contention that more time was needed to locate two witnesses then residing in Canada who would corroborate his alibi. RCW 10.46.080 provides, *inter alia,* that one seeking a continuance to secure witnesses in his behalf must show that due diligence has been employed to obtain them. It is not error to deny a continuance to secure absent witnesses when there has been no showing that diligence has been exercised to procure their presence. *State v. Smith,* 56 Wn.2d 368, 353 P.2d 155 (1960) and cases cited. The granting or refusing of a continuance is within the discretion of the trial judge, and his decision will not be disturbed absent a showing that he has abused his discretion. *State v. Cadena,* 74 Wn.2d 185, 443 P.2d 826 (1968); *State v. Moe,* 56 Wn.2d 111, 351 P.2d 120 (1960). The judge must not exercise his discretion arbitrarily; his denial of a continuance must be justified under the circumstances. *State v. Hartwig,* 36 Wn.2d 598, 219 P.2d 564 (1950).

The circumstances in the instant case are that on April 3, 1967, at the preliminary hearing, appellant was advised of the exact date, time and place that the crime was committed. From April 3 until June 2, 1967 he did not disclose to either of his attorneys the existence of his witnesses. He contended at the trial that approximately 3 weeks prior he

had written a letter to each of them in Canada but had received no response. He made no attempt to procure the testimony of Miss Horn or her mother, who resided in Seattle, nor did he advise his counsel of their existence. From these circumstances the trial judge concluded that appellant's statements relative to his witnesses were a mere afterthought on his part designed to postpone the trial at the last minute. We hold that appellant did not exercise due diligence to obtain his witnesses and that the trial judge did not abuse his discretion in refusing to grant a continuance on this ground.

██ Appellant's other assignment of error is that he was denied due process because his attorney had insufficient time to prepare a defense. Appellant's request for a new attorney was made and granted on the Friday preceding Tuesday's trial. The court announced the appointment the following Monday, the day before trial. Assuming that appellant's request for a new attorney was a valid one, the appointment of an attorney on the eve of trial is not, in itself, a denial of due process. *See State v. Louie,* 68 Wn.2d 304, 413 P.2d 7 (1966). We must consider the circumstances surrounding appellant's claim. Appellant's newly appointed attorney was familiar with the case. He had previously represented appellant at his preliminary hearing. Furthermore, Mr. LaRose was as well prepared to present appellant's alibi defense as was Mr. Johnson, who had been appellant's attorney for 2 months. Neither attorney was apprised of this defense until the Friday before trial, when the request for a new attorney was made. One accused of a crime has the right to an attorney, and this right includes a sufficient time to prepare his defense. *State v. Hartwig, supra.* Here, the lack of sufficient time to prepare appellant's alibi defense was due solely to appellant's withholding from either attorney the necessary information to establish his defense. Appellant has, by his own neglect, knowingly and intentionally relinquished his right to an attorney prepared to present his specific defense. *See State v. Wilson,* 139 Wash. 191, 246 Pac. 289 (1926). In all other

respects, the record establishes that appellant was properly represented by counsel. The quality of Mr. LaRose's cross-examination of the state's witnesses evidenced a sufficient knowledge of the case and showed that he could properly protect his client's interests. *See State v. Comer,* 176 Wash. 257, 28 P.2d 1027 (1934).

Appellant relies on *State v. Hartwig, supra.* The cited case is not here applicable. In that case, the defendant's attorney had made a motion for a continuance due to a conflict of dates involving a Supreme Court hearing. The motion was denied. Defendant appeared at his trial pro se and made a motion for a continuance because his attorney was unable to appear. The court denied his motion, appointed a new attorney to represent him and recessed for 45 minutes to allow them to consult. Upon reconvening, the court appointed attorney requested a continuance which was denied. This court held that under those circumstances, the failure to grant a continuance constituted a denial of due process.

In the *Hartwig* case, the defendant's attorney was unable to attend through no fault or design on the part of defendant. The court appointed attorney was totally unfamiliar with the case, and continuances were timely requested on three occasions. In the instant case appellant, for whatever reason, waited for 2 months, until the eve of trial, to request another attorney. The new attorney, Mr. LaRose, was not unfamiliar with the facts of the case, was as equally prepared as Mr. Johnson, the prior attorney, with regard to appellant's alibi defense, and had the assistance of Mr. Johnson during the trial. No continuance was requested by appellant's attorney on the grounds of lack of preparation or insufficient time to prepare. The request for a continuance was predicated, rather, upon the necessity of locating two alibi witnesses. The assignment of error in this regard has been previously resolved.

Our court system is not designed to allow a defendant to postpone the date of his trial by intentionally withholding from his attorney, until the eve of trial, information rela-

tive to his defense, and then demand additional time for his attorney to act upon that information. Under such circumstances, failure to grant a continuance does not constitute a denial of due process.

The judgment is affirmed.

FINLEY, C. J., HILL, HUNTER, and McGOVERN, JJ., concur.

February 13, 1969. Petition for rehearing denied.