10

[No. 324-1. Division One—Panel 2. January 4, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT ALPHONSE SHIPELBAUM, *Appellant*.

*Webster, Kroum, McCann, Bass & Mack* and *David H. Beitz,* for appellant (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney,* and *Robert S. Bryan, Deputy,* for respondent.

HOROWITZ, A. C. J.—Defendant was convicted of robbery (RCW 9.75.010) after a trial before a jury in the court below. He appeals.

The jury could have found the following facts:

At approximately 2:30 a.m. on September 15, 1969, Dale Tinker was attending Washtock's Shell Service Station in Des Moines. A man walked onto the premises and began talking to Mr. Tinker. He then asked Mr. Tinker for change

for a quarter. As the two men approached the till the man, who had his hand in his pocket, told Mr. Tinker that he had a gun, and told him to open both tills in the service station. The man then ordered Mr. Tinker into the restroom, telling him to stay there for an hour or be shot by a friend who was acting as lookout across the street. Mr. Tinker heard an engine start, climbed up on a urinal where, looking through a window above the door, he saw the man get into a small light green Ford. He was sure the engine started before the man got into the car. The car departed going east on the Kent-Des Moines road.

As soon as the car left, Mr. Tinker called the Des Moines police and Officer Pratt arrived on the scene within a few minutes of the robbery. Mr. Tinker described the car and also the robber. Officer Pratt began pursuit and within three or four blocks of the scene encountered a car pulling off the shoulder of the road which fit the description of the robber's car. Officer Pratt pulled the car over and defendant Shipelbaum, who was in the car, was arrested. When other officers arrived the vehicle was searched. Defendant was also searched, and when money began falling out of his clothing, he was stripped. A considerable amount of change was recovered from his pants pockets, five ones were located in his right sock, and 23 ones and four fives were found in the crotch area of his pants and shorts. A total of $47.95 was taken from the defendant. He was then placed in the King County Jail. While there, he asked Lieutenant Burke to credit him with some money and for that purpose gave him one 20-dollar bill, one five and eight ones. When Lieutenant Burke found out the nature of the charges against defendant, he placed the money in the evidence room. The money so received brought the total recovery to $81 plus change. Mr. Duncan Washtock, the owner of the service station, testified that his records showed he was missing $81.45. Mr. Tinker identified the defendant as the person who robbed him.

The cause was initially commenced in Seattle District Justice Court on September 30, 1969, and the preliminary

hearing was continued until October 14, 1969, when defendant brought one Loretta Nichols to testify on his behalf as an alibi witness. No record of the proceeding was made. At the time of the preliminary hearing she was in jail. Trial of defendant was to be had on December 9, 1969. On the day of the trial, but prior to voir dire, defendant complained that Loretta Nichols could not be found, asked for a material witness bench warrant which was issued and a continuance until she was found. The continuance was denied.

�In Defendant first contends that the court erred in denying a continuance so that the presence of a witness to an alibi could be obtained. We find no error. RCW 10.46.080 permits a continuance to procure missing evidence or witnesses, but the affidavit must show not only that the evidence is material but that due diligence has been used to obtain it. The granting or denial of such continuance is in the sound discretion of the trial court, reviewable only for abuse of discretion. *State v. Fortson,* 75 Wn.2d 57, 59, 448 P.2d 505 (1968); *State v. Watson,* 69 Wn.2d 645, 419 P.2d 789 (1966); *see State v. White,* 74 Wn.2d 386, 444 P.2d 661 (1968). Unless the trial judge can be said to have acted arbitrarily or without justification, the defendant cannot claim that his constitutional right to a fair trial has been denied. *State v. Watson, supra; State v. Harras,* 22 Wash. 57, 60 P. 58 (1900).

In the instant case, defendant had ample time to locate the witness after the information was filed and made no effort to do so or to obtain compulsory process prior to the date of trial. He knew of her unavailability prior to November 24, 1969. Prior to voir dire a bench warrant was issued and the trial proceedings were continued for one-half day while efforts were made to locate the witness. The defendant stated he knew the whereabouts of the witness, but refused to disclose his knowledge. The state ran down every lead it had or was furnished without avail. The court suggested that he be informed during trial if the whereabouts of the witness became known. No such information was brought to the attention of the court. Under the cir-

cumstances, we cannot hold that the court acted arbitrarily in denying the continuance.

 Defendant next contends that it was error to admit into evidence money found on the defendant while in jail. It is argued that the admission of the money allowed the jury to speculate that it was stolen and that this speculation was improper since the money was not found on the defendant during the prior thorough search and could have come from other sources. We disagree. The circumstances under which the evidence was discovered went to its weight and not to its admissibility. *State v. Peele,* 75 Wn.2d 28, 448 P.2d 923 (1968); *State v. Burns,* 19 Wash. 52, 52 P. 316 (1898); *State v. Prater,* 1 Wn. App. 342, 348, 461 P.2d 357 (1969). Evidence, including real evidence, is admissible if it is material to any issue, unless it falls under some specific exclusionary rule. *State v. Hawkins,* 70 Wn.2d 697, 425 P.2d 390 (1967). Moreover, money found on a defendant which corresponds in a fairly close way with that taken from the victim is admissible even if found some time after the alleged taking or the arrest. *State v. Austin,* 60 Wn.2d 227, 373 P.2d 137 (1962); *State v. Barry,* 43 Wn.2d 807, 264 P.2d 233 (1953); *State v. Burns, supra;* 1 J. Wigmore, Evidence § 154 (3d ed. 1940). In the instant case the denominations and total conformed closely with what was lost. The jury could have found that the money in question was stolen and that the defendant had managed to conceal it from the officers. The evidence was relevant and material and was accordingly admissible.

The judgment is affirmed.

FARRIS and WILLIAMS, JJ., concur.