[No. 2115–3. Division Three. May 26, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. VERN WILLIAM GRIMM, *Appellant.*

684

*Richard L. Cease, Public Defender,* and *Donald L. Westerman, Assistant,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Roger Clement, Deputy,* for respondent.

GREEN, J.—Defendant appeals from an order revoking probation. The sole issue is whether the failure to hold a revocation hearing within 60 days after a probationer is taken into custody is a denial of minimum due process. We answer in the negative and affirm.

On June 17, 1976, defendant was placed on 2-years' probation following a plea of guilty to grand larceny. On July 7, 1976, he was again arrested and charged with grand larceny. A hold was placed on him for violation of probation. Having waived his right to a preliminary hearing, a final probation revocation hearing was held on September 8 and defendant's probation revoked. Defendant's motion to dismiss on the ground that the revocation hearing was not held within 60 days was denied.

No specific or mandatory time limits are set forth by statute, court rule, or case law for the holding of a final probation revocation hearing. Preliminary hearings must be held promptly, and final revocation hearings must be held *within a reasonable time* after the probationer is taken into custody. *See* CrR 7.5; RCW 9.95.230; *Gagnon v. Scarpelli,* 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973);

*Morrissey v. Brewer,* 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972); *State v. Myers,* 86 Wn.2d 419, 545 P.2d 538 (1976).

Here, defendant waived his right to a preliminary hearing; and the final revocation hearing was held within 2 months and a few days after detention. Defendant does not claim that this length of time is unreasonable or prejudicial, but argues that *Morrissey v. Brewer, supra* at 488, requires a final revocation hearing within 60 days:

A lapse of *two months,* as respondents suggest occurs in some cases, would not appear to be unreasonable.

(Italics ours.) This statement does not require that the final revocation hearing be held within 60 days or automatically result in dismissal absent a showing of unreasonableness or prejudice. We find that the time period that elapsed between detention and final hearing in this case is not unreasonable or violative of minimum due process.

Affirmed.

MUNSON, C.J., and MCINTURFF, J., concur.