[No. 2351–3.   Division Three.   June 22, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. RAYMOND VALENTINE, *Appellant*.

*Fred M. Schuchart,* for appellant (appointed counsel for appeal).

*Donald C. Brockett, Prosecuting Attorney,* and *James M. Parkins, Deputy,* for respondent.

ROE, J.—Raymond Valentine appeals from the revocation of his probation on a grand larceny charge. The basis for the revocation was an assault against his paramour. The assault charge was subsequently dismissed because the speedy trial time limits of CrR 3.3 were violated. His court appointed counsel has moved to withdraw pursuant to RAP 15.2(h) because he could find no good grounds for appeal. We affirm the revocation of probation.

The brief submitted by counsel for appellant raises the following issues:

1. Whether the revocation of Mr. Valentine's probation placed him in double jeopardy;

2. Whether the court erred in not granting Mr. Valentine's motion to dismiss the revocation proceedings for violation of CrR 3.3, and the constitutional right to a speedy trial;

3. Whether the court erred in finding sufficient evidence to revoke Mr. Valentine's probation;

4. Whether Mr. Valentine's right to effective assistance of counsel was violated.

All the above issues are without merit. No authority is cited for the proposition that revocation of probation places probationer in double jeopardy. Nor is authority cited for the proposition that the time limits of CrR 3.3 and the constitutional right to speedy trial are applicable to probation revocation proceedings. There is ample evidence to

serve as the basis for the revocation of Mr. Valentine's probation. Furthermore, Mr. Valentine received effective assistance of counsel despite his refusals to cooperate with his court appointed attorneys.

In addition, in accordance with RAP 12.1(b), the court requested written comments concerning constitutional violations not addressed directly by either brief. Although there are no specific mandatory time limits, a preliminary probation revocation hearing must be held promptly and a final revocation hearing must be held within a reasonable time after the probationer is taken into custody. *Gagnon v. Scarpelli,* 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973); *Morrissey v. Brewer,* 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972); *State v. Grimm,* 17 Wn. App. 683, 564 P.2d 839 (1977). There are two possible violations of *Morrissey* and *Gagnon* in this case. First, the record does not indicate the court made a determination at a preliminary hearing that there was probable cause to detain Mr. Valentine pending final decision on revocation. Secondly, there was a 6–month delay between the arrest of Mr. Valentine by his probation officer and the revocation of his probation.

As to the first possible violation, a final revocation hearing has now been held, and Mr. Valentine's probation has been revoked.

> To order appellant's release from custody at this time would be to grant an extreme remedy for a deprivation from which appellant is no longer suffering. This remedy should have been sought at the time that the deprivation of rights was actually occurring.

*United States v. Companion,* 545 F.2d 308, 313 (2d Cir. 1976). There a probationer's revocation hearing was not held for over 3 months after he was arrested. Nowhere in *Gagnon* or *Morrissey* is there any suggestion that the cases should be construed as giving appellant anything more than a right to a prompt hearing.

As to the second possible violation, much of the delay is attributable to Mr. Valentine's difficulties in retaining private counsel and his dissatisfaction with court appointed counsel. Actually, he found at least six attorneys unacceptable. Delays also resulted from two sanity hearings requested by Mr. Valentine's counsel.

This is not a case where a defendant was "lost" in the system. The trial judge was very solicitous and had numerous conferences with defendant and with those who tried to represent him. Understandably, most probationers would prefer postponing a revocation hearing until after a pending criminal charge is tried in the hope of an acquittal, which would make revocation a more difficult decision. There is no showing that Mr. Valentine requested either a preliminary or final revocation hearing. There is no allegation that postponement of the revocation hearing operated to his prejudice. Nor does it appear that an extended loss of liberty was due to the parole hold as opposed to the pending criminal charges.

A convicted felon has more limited due process rights in revocation than one presumed innocent facing a trial. *See Gagnon v. Scarpelli, supra.* If he had wished an earlier one, he could have moved at an appropriate time for a hearing.

■ A criminal defendant's right to trial within 60 or 90 days is not mandated by the constitution but is a rule of court, CrR 3.3. A defendant invoking his *constitutional* right to a speedy trial must show actual and inexcusable prejudice, nor may he rely upon any presumption of prejudice by mere lapse of time. *See Barker v. Wingo,* 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972). (Contrarily, our court rule respecting trials, CrR 3.3, is stricter.)

*Moody v. Daggett,* 429 U.S. 78, 50 L. Ed. 2d 236, 97 S. Ct. 274 (1976), which involved parole revocation and not speedy trial rights, held that the petitioner's liberty was not implicated by an unexecuted parole violator warrant when he was imprisoned following conviction for crimes committed while on parole. The court held it was permissible and appropriate to delay the decision on revocation until after

the petitioner had served his subsequent sentences. Thus, as long as Mr. Valentine was being held on another criminal charge, *Moody* expressly negatives any conclusion that *Gagnon* and *Morrissey* require that he receive an immediate revocation hearing.

CrR 3.3 applies to criminal trials. Absent such a court rule applying to revocation proceedings, it would be an extraordinary remedy, not mandated by the cases, to nullify the revocation proceedings.

The revocation of probation is affirmed, and the motion to withdraw is granted.

GREEN and McINTURFF, JJ., concur.