[No. 3101-2-III. Division Three. December 6, 1979.]

GARY BUTENHOFF, *Appellant,* v. DIANE OBERQUELL, ET AL, *Respondents.*

*Wayne Lieb, John Midgley,* and *Sally Harrison,* for appellant.

*Slade Gorton, Attorney General,* and *Nate D. Mannakee, Assistant,* for respondents.

GREEN, C.J.—This action is for a writ of habeas corpus. Petitioner appeals the decision of the Superior Court which denied him relief from an order revoking his parole. One question is presented: Did the procedures utilized by the Washington State Board of Prison Terms and Paroles deny the petitioner due process of law?

In April 1977, petitioner was arrested on charges of driving while intoxicated, fleeing the scene of an accident, and carrying a concealed weapon. On April 12, while in custody on these charges, he was served with a warrant for suspension of his parole. A preliminary hearing was held on April

21, and probable cause was found to hold petitioner for a parole revocation hearing. That hearing was held on May 10, at which time he was found to have violated his parole, based upon the three charges listed above. The dispositional phase of the parole revocation hearing was continued to May 26. After a 2-day extension of the time for a decision on reinstatement or revocation, petitioner was released from custody on June 13.

In the trial court, petitioner testified that he assumed his release meant that his parole had been reinstated. However, the State asserted that the release was pursuant to a "Conditional Order of Release" dated June 13, 1977. This order recited that the petitioner was "conditionally released from custody pending the parole revocation hearing" and attached several conditions to his release. Petitioner admitted receiving written notice of these conditions, but stated that he had never seen the conditional order itself.

On August 4, 1977, following petitioner's arrest on a charge of possession of marijuana, he was served with a second parole suspension warrant. Despite repeated requests by petitioner for an attorney, he was not afforded one until 2 working days before the hearing, which was held on August 16. The findings of the board member who sat at the August hearing state that the petitioner pleaded guilty to the three violations stemming from the April charges, and that an order of revocation should be entered based on these violations. Petitioner disputes these findings.

Petitioner's position is that his parole was reinstated on June 13, 1977, and, therefore, the board is estopped from relying on the April charges as the basis for the subsequent revocation of his parole. He contends the August hearing was based on a new violation, possession of marijuana. According to petitioner, he was denied due process because he was not given written notice of this new charge, the board did not disclose to him the evidence which would support that charge, and his counsel was not given sufficient time to prepare to meet the charge. Based on this

alleged denial of due process, he seeks reinstatement of his parole.

Initially, we consider the effect of the June 13 conditional order of release. Under RCW 9.95.125,[1] the parole board member who sits at the revocation hearing has 10 days to enter a decision. That member shall (1) reinstate parole if the alleged violations have not been proven by a preponderance of the evidence or if the proven violations are insufficient to revoke parole; or, (2) revoke the parole. The statute does not empower the hearing officer to release a parolee on a conditional order after the parole revocation hearing has been held. Hence, the conditional release of petitioner on June 13 was without statutory authority.

Standing by itself, the fact that the conditional order was outside the parole board's authority does not automatically convert it into a final decision to reinstate petitioner's parole. However, here, petitioner testified that he had never seen the conditional order of release, or any other document indicating that his release was pursuant to anything other than a reinstatement of his parole. We have found nothing to contradict this testimony. In these circumstances, it cannot be found that petitioner waived the portion of RCW 9.95.125 which requires the board member to enter a decision of record within 10 days of the hearing. Because the petitioner did not waive his right to a speedy and final determination in this matter, and because no

---

[1]RCW 9.95.125 provides:

"After the on-site parole revocation hearing has been concluded, the members of the board having heard the matter shall enter their decision of record within ten days, and make findings and conclusions upon the allegations of the violations of the conditions of parole. If the member, or members having heard the matter, should conclude that the allegations of violation of the conditions of parole have not been proven by a preponderance of the evidence, or, those which have been proven by a preponderance of the evidence are not sufficient cause for the revocation of parole, then the parolee shall be reinstated on parole on the same or modified conditions of parole. If the member or members having heard the matter should conclude that the allegations of violation of the conditions of parole have been proven by a preponderance of the evidence and constitute sufficient cause for the revocation of parole, then such member or members shall enter an order of parole revocation and return the parole violator to state custody. . . ."

other justification existed for the delay in entering a final order, the Board could not later revoke the petitioner's parole based solely upon those same violations.

■ The question, then, is whether the petitioner was accorded the due process rights of a parolee with respect to any new charge considered at the August hearing. *Morrissey v. Brewer,* 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972). The State does not contend that the petitioner was advised in writing of the marijuana charge or of the evidence which supported that charge. RCW 9.95.121.[2] Instead, the petitioner apparently was given oral notice that his alleged possession of marijuana would be considered at the August hearing. We need not decide whether the oral notice was sufficient because the board's failure to appoint counsel until just before the hearing denied petitioner effective representation. RCW 9.95.122;[3] *cf. State v. Hartwig,* 36 Wn.2d 598, 601, 219 P.2d 564 (1950). For that reason alone, we hold that the petitioner was denied due process at the August hearing.

Finally, should this cause be remanded for another hearing? Petitioner asserts that it is too late to correct the faults of the August hearing and that he is entitled to immediate restoration of his status as a parolee. He relies on *Morrissey v. Brewer, supra* at 488, which guarantees a hearing to a parolee within a reasonable time after he is taken into custody.

---

[2]RCW 9.95.121 reads:

"Within fifteen days from the date of notice to the division of probation and parole of the department of institutions of the arrest and detention of the alleged parole violator, he shall be personally served by a state probation and parole officer with a copy of the factual allegations of the violation of the conditions of parole, and, at the same time shall be advised of his right to an on–site parole revocation hearing . . ."

[3]RCW 9.95.122 states:

"At any on–site parole revocation hearing the alleged parole violator shall be entitled to be represented by an attorney of his own choosing . . . except, upon the presentation of satisfactory evidence of indigency . . ., the board may cause the appointment of an attorney . . . to be paid for at state expense . . ."

 In determining whether a parolee was afforded a hearing within a reasonable time, the balancing test employed in *Barker v. Wingo,* 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182, 2192 (1972), a constitutional speedy trial case, applies. *State v. Valentine,* 20 Wn. App. 511, 514, 580 P.2d 1119 (1978). Under that test, the conduct of both the board and the petitioner is weighed in light of the length of the delay, the reason for the delay, the petitioner's assertion of his right to a speedy hearing, and any prejudice to the petitioner resulting from the delay. The factors are interrelated and should be considered together with other relevant circumstances. *Barker v. Wingo, supra* at 2193.

Here, the petitioner was incarcerated in excess of 9 months prior to the time he filed his petition for a writ of habeas corpus, and there is nothing in the record to indicate that he has not remained incarcerated during this appeal. This 2–year delay is directly traceable to the board's failure to comply with the statutes which set out the procedures for revocation hearings. Consequently, we agree with petitioner that a rehearing at this date would not provide him with the prompt hearing mandated in *Morrissey.*

Reversed, with directions that petitioner's parole be reinstated.

McINTURFF and ROE, JJ., concur.

Reconsideration denied January 25, 1980.